## Commonwealth *versus* Birdsall.

1. The first count of an indictment charged the defendant with breaking and entering the storehouse of Stewart, with intent to steal his goods; the second count, with stealing the goods (naming them) of Stewart. The defendant was found guilty generally and the court imposed a distinct sentence on each count. Both sentences were affirmed by the Supreme Court.

2. Identity as to the acts in the two counts is not to be presumed; if the record showed the identity but one sentence could be sustained.

3. Joinder of different offences in the same indictment; considered in this case and authorities cited.

October 30th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Quarter Sessions of *Allegheny county*: No. 219, to October and November Term 1871.

At the March Sessions 1868, an indictment containing two counts was found against James Birdsall; the first that he did feloniously break and enter the storehouse of Seth T. Stewart, " with intent the goods and chattels of the said Seth T. Stewart, then and there being to steal," &c.; the second, that " on the day and year aforesaid," he stole a large number of different articles, naming them in detail, " the goods and chattels of Seth T. Stewart." On the 5th of March 1868, the defendant was found guilty generally,

[Commonwealth v. Birdsall.]

and on the 1st of April sentenced on the first count, "to restore the property stolen, &c., and undergo an imprisonment in Western Penitentiary, &c., for four years." On the second count, "to restore the property stolen, &c., and undergo an imprisonment in the Western Penitentiary, &c., for one year and six months," &c.

The defendant having obtained a writ of error assigned for error:—

1. Sentencing him on the second count after having sentenced him on the first.

2. A general verdict of guilty authorized a sentence only on the first count.

*A. G. Cochran* (with whom was *R. S. Morrison*), for plaintiff in error.—Where a criminal act has been committed, every part of which may be alleged in a single count in an indictment, and proved under it, the act cannot be split into several distinct crimes and a separate indictment sustained upon each. And wherever there has been a conviction for one part, it will operate as a bar to any subsequent proceedings as to the residue: State v. Benham, 7 Conn. R. 414. Burglary and larceny can both be included in a single count, when they are a part of the same act: Commonwealth v. Tuck, 20 Pickering R. 356; Commonwealth v. Hope, 22 Id. 1; 2 Russell on Crimes 40; Wharton's Criminal Law 383; Rex v. Witnal, 1 Leach 102; Josslyn v. Commonwealth, 6 Metc. 236; Larned v. Commonwealth, 12 Id. 244.

*L. B. Duff*, for Commonwealth.

The opinion of the court was delivered, January 9th 1872, by

AGNEW, J.—The indictment in this case contains two counts; the first for wilfully and maliciously breaking and entering a storehouse or shop, with *intent* feloniously to steal, take and carry away goods and chattels. This count is framed upon the second section of the Act of 22d April 1863, Pamph. L. 531, and specifies no particular goods. The second count was for simple larceny, enumerating the goods in detail. The defendant was found guilty under both counts, and on the first was sentenced to pay a fine of six cents, and to imprisonment by separate and solitary confinement in the Western Penitentiary for four years; and on the second was sentenced to pay a fine of six cents, and to imprisonment by separate and solitary confinement in the Western Penitentiary for one year and six months to be computed from and after the termination of the first sentence. It is alleged that the conviction and sentence under both counts are erroneous. But the very excellent argument for the plaintiff in error has failed to convince us. The authorities in support of the conviction are to be found collected in Mr. Wharton's Am. C. L., ed. 1868, §§ 415, 416,

417, 421. It cannot be objected in error (he says), that two or more offences of the same nature on which the same or a similar judgment may be given, are contained in different counts of the same indictment; nor can such objection be maintained either on demurrer or in arrest: § 415. In § 421, he says, where a prisoner is found guilty generally under an indictment containing two counts, neither of which is defective, it is no ground of objection to the verdict that it does not state upon which count it was found. In our own state the authorities are no less forcible. In The Commonwealth *v.* Gillespie, 7 S. & R. 469, where an indictment containing nine counts charged two distinct offences, and in two of the counts several defendants, Justice Duncan said, "These several charges as laid in the indictment are different modes of laying the same offence. But if the offences were different, separate offences, it is no objection either on demurrer or in arrest of judgment, that separate offences of the same nature are joined against the same defendant. Even in case of a felony, though it be true that no more than one offence should regularly be charged in one indictment; and that the court would quash the indictment before plea, or if on the trial the court should think it might confound the prisoner, they may exercise a discretion in compelling the prosecutor to elect on which charge he will proceed, yet even in felonies, there is no objection to the insertion of several distinct offences of the same degree, though committed at different times, in the same indictment against the same offender; and it is no ground of demurrer or in arrest of judgment; and counts where offences are of the same nature, at common law and on a statute may be joined." In Harman *v.* Commonwealth, 12 S. & R. 69, it was said, at the close of the opinion, that where two offences are charged in separate counts, if the defendant can make it appear that this mode of proceeding will embarrass his trial, the court can protect him by quashing or by compelling the prosecutor to elect.

The case of The Commonwealth *v.* Sylvester, Brightly's Rep. 331, is directly in point. There this court, on an indictment removed from the Mayor's Court of Philadelphia, containing two counts, one setting forth a statutory offence, and the other an offence at common law, and a conviction on both counts, held that there was no misjoinder and sentenced the defendant to pay a fine of $200, the statutory punishment, on the first count, and to pay a fine at common law on the second. Henwood *v.* Commonwealth, 2 P. F. Smith 424, is a recent case in which the subject of joinder and misjoinder is considered. There the defendants were convicted on the first and third counts of an indictment charging a larceny in the first, larceny as bailees in the second, and a conspiracy to defraud in the third count. In that case the conviction was sustained, this court remarking that neither the interests of justice nor the rights of the defendants are perilled by the joinder.

[Commonwealth v. Birdsall.]

The plea and the number of challenges are the same, and the punishment the same in kind, to wit, separate and solitary confinement at labor. The difference in the degree, that is between the *maximum* in one and the *maximum* in the other, it is settled, makes no difference.

It has been contended for the plaintiff in error that the larceny and the breaking and entering charged in the separate counts of this indictment were done at one and the same time, and therefore cannot be punished as separate offences. If this had appeared in the record, the point would be well taken. But no presumption of identity exists. When, says Mr. Wharton, an indictment charges in one count a breaking and entering a building with intent to steal, and in another count a stealing in the same building on the same day, and the defendant is found guilty generally; the sentence, whether that which is proper for the burglary only, or for the burglary and larceny also, cannot be reversed on error because the record does not show whether one offence only or two were proved at the trial; and as this must be known by the judge who tried the cause, the sentence will be presumed to have been according to the law that was applicable to the facts proved: Am. C. L., ed. 1868, § 417. For this he cites two cases from 11 Metcalf 575 and 581. There can be no doubt the Court of Quarter Sessions had good reasons for passing the sentence on each count of this indictment; and so the defendant or his counsel must have thought or he would not have suffered three years to run, and when the facts were likely to be forgotten, before taking out a writ of error.

The several sentences in this case are therefore affirmed.