## Commonwealth of Pennsylvania v. Charles Stahl and Edward Waters.   Stahl's Appeal.

*Criminal law—Policy of law—Artificial restrictions.*

The interests of justice and the better policy introduced by the Code of Criminal Procedure, disregarding mere technicalities, require that the trial of criminal cases be fettered as little as possible with mere artificial restrictions.

*Criminal law—Indictment—Sentence sustained where one count is good.*

It is a rule, almost as old as the common law, that if there is one count in the indictment which will sustain the sentence it cannot be reversed,

hence it follows for a much stronger reason that where both counts in an indictment are good the appellate court will refuse to reverse.

The defendant was indicted for the offenses of larceny and receiving stolen goods. The verdict was a general verdict of guilty. The sentence imposed a fine, costs, restitution of property stolen, and imprisonment. Held that the motion in arrest of judgment based on the fact that defendant had been indicted in two repugnant counts was properly overruled, and that there was no error in imposing the sentence.

Argued March 12, 1896. Appeal, No. 19, March T., 1896, by defendant, from judgment and sentence of O. & T., Cumberland Co., Sept. T., 1895, No. 6. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Indictment for larceny and receiving stolen goods.

The indictment in its first count charged defendants with stealing wheat from one Walter Stuart. The second count was against both defendants for receiving stolen wheat known to have been stolen from the said Walter Stuart. Waters pleaded guilty and Stahl pleaded not guilty. The jury was sworn to try the issue between Commonwealth and Stahl, and found a verdict of guilty. The defendant Stahl moved in arrest of judgment, alleging that he was convicted in manner and form as he stood indicted on two repugnant counts; one that he stole the wheat, and one that he received the same wheat from another, who had stolen it, knowing it to have been stolen. There could be no judgment or sentence on such verdict. The motion was overruled, and the defendants sentenced to pay a fine of $10.00 and to pay the costs of prosecution, to restore the property stolen if not already restored, or pay the owner the value thereof and undergo imprisonment for the period of one year and eight months, etc.

*Errors assigned* were (1) overruling defendant's motion in arrest of judgment; (2) sentence of the court.

*Wm. J. Shearer* and *J. G. Adams, Stuart Leidich* with them, for appellant:—At common law such offenses as burglary and receiving stolen goods could not be even regularly joined in an indictment. In larceny, counts for receiving were sometimes added, but the practice is regarded as of doubtful legality:

Rex v. Galloway, 1 Moody's Crown Cases, 234, and Rex v. Madden, 1 Moody's Crown Cases, 277. On the subject of repugnant counts cited Act of March 31, 1860, sec. 24, P. L. 436; 2 Archibold's Criminal Practice and Pleading, notes by Pomeroy, top of page 1442; Mills v. Commonwealth, 13 Pa. 627.

*Arthur R. Rupley*, district attorney, *Caleb S. Brinton* and *J. E. Barnitz*, for appellee.—In the criminal procedure act of 1860, the count received for stolen goods is expressly authorized. In other states the decisions support this view: State v. Carter, 18 S. E. Rep. 517; Nelson v. State, 52 Wis. 534; Estes v. State, 55 Ga. 131; Parham v. State, 10 Lea (Tenn.), 498. The indictment framed in two counts, one for larceny and one for stolen property, will support a general verdict: Cook v. State, 1 S. W. Rep. 254. It is a rule almost as old as the common law, that if there is one count in the indictment which will sustain the sentence it cannot be reversed: Com. v. Prickett, 132 Pa. 371. The effect of our criminal code is to disregard artificial technicalities: Henwood v. Com., 52 Pa. 424.

OPINION BY WICKHAM, J., April 13, 1896:

The appellant in this case was indicted for the offenses of larceny and receiving stolen goods. The first count of the indictment alleges that he and one Edward Waters, on the 23d day of May, 1895, stole ten bushels of wheat, of the value of $7.00 being the property of Walter Stuart. The second charges that the same parties, on the same day, feloniously, etc., did receive ten bushels of wheat of the value of seven dollars, the property of Walter Stuart, knowing the same to have been stolen. Waters pleaded guilty to the indictment. The jury rendered a general verdict of guilty as to the appellant and the following sentence was imposed on him, viz: "The court sentence the defendant, Charles Stahl, to pay a fine of ten dollars to the commonwealth, pay the costs of prosecution, restore the property stolen, if not already restored, or pay the owner the full value thereof, and undergo an imprisonment in the Eastern Penitentiary (situate in the city and county of Philadelphia) for and during the period of one year and eight months at labor by separate and solitary confinement, there to be kept, fed, clothed and treated as the law directs, and stand committed until the sentence be complied with."

Before sentence was imposed the appellant moved in arrest of judgment as follows: "Defendant was convicted in manner and form as he stood indicted on two repugnant counts; one that he stole the wheat, and one that he received the same wheat from another, who had stolen it, knowing it to have been stolen. There can be no judgment or sentence, on such verdict."

The overruling of this motion and the sentencing of the appellant are the two matters assigned for error.

The learned counsel for the appellant evidently labor under the misapprehension that the indictment was drawn under the 24th section of the act of March 31, 1860, P. L. 436, which provides as follows:

"In every indictment for feloniously stealing property, it shall be lawful to add a count for feloniously receiving the said property, knowing it to have been stolen; and in any indictment for feloniously receiving property, knowing it to have been stolen, it shall be lawful to add a count for feloniously stealing said property; and it shall be lawful for the jury trying the same, to find a verdict of guilty either of stealing the property, or of receiving the same, knowing it to have been stolen; and if such indictment shall have been preferred and found against two or more persons, it shall be lawful for the jury who shall try the same, to find all or any of the said persons guilty of either stealing the property or of receiving it, knowing it to have been stolen, or to find one or more of the said persons guilty of stealing the property and the other or others of them guilty of receiving it, knowing it to have been stolen."

This view of the matter is, however, a mistake. The indictment, and we cannot look beyond it, does not show, as it should if framed under the statute, that the wheat received was the wheat stolen by the two defendants. On the contrary, it is alleged, in the count for receiving, that the property therein mentioned was stolen by some one person, to the jury unknown. We may not presume that the two offenses sprang from the one transaction: Com. v. Birdsall, 69 Pa. 482. The sufficiency of the indictment and the legality of the conviction and sentence thereon must therefore be determined by reference to well-known, common law rules, relating to the joinder of counts

charging separate felonies of the same nature and punishable
in the same way. The rule, in Pennsylvania, on the subject is
well settled by a number of decisions. In Commonwealth v.
Gillespie, 7 S. & R.. 469, the court say, "It is no objection,
either on demurrer or in arrest of judgment, that separate
offenses of the same nature are joined against the same defend-
ant. Even in a case of felony, though it be true that no more
than one offense should regularly be charged in one indictment,
and that the court would quash the indictment before plea, or if
at the trial the court should think it might confound the pris-
oner, they may exercise discretion in compelling the prosecutor
to elect on which charge he will proceed, yet even in felonies
there is no objection to insertion of several distinct offenses of
the same degree, though committed at different times, in the
same indictment, against the same offender; and it is no ground
of demurrer or in arrest of judgment; and counts, where offenses
are of the same nature, at common law and on a statute, may
be joined."

Similiar views are expressed in Com. v. Sylvester, Brightly's
Rep. 331; Henwood v. Com., 52 Pa. 424, and Com. v. Birdsall,
supra. In the latter case it was held not erroneous to sentence
a defendant on each of two counts, one charging a statutory
breaking and entering and the other larceny, the indictment
not showing on its face that the offenses were parts of the same
transaction, although an examination of the evidence and the
charge, if permissible, would have shown that they were.

If it were necessary to go outside of our own decided cases,
in considering the matter under discussion, we might refer to
1 Chitty's Crim. Law, sec. 254; Whar. Crim. Plead. & Prac.
sec. 760; 10 Am. & Eng. Enc. of Law, 599.

Complaint is made because the court below failed to desig-
nate the count whereon sentence was imposed. If the fact thus
assumed be correct, so much the better for the appellant. The
court, in strictness of law, had it chosen to be oppressive, might
have sentenced him on both counts, as was done in Com. v.
Birdsall, supra, or on one, and left the other hanging, like
Damocles' sword, over his head. As it is, if his contention be
correct, he is safe from any further or future punishment. It
being impossible to say to which count the sentence against which
he is here protesting is applicable, for his protection, therefore,

it would have to be held to apply to both. It may be added that the fine is nominal and the imprisonment but little more than half of what the court could have imposed on either count.

But, even if the condition wherein the record is left were not helpful rather than hurtful to the appellant, he still has no legal cause of complaint. " It is a rule almost as old as the common law, that if there is one count in the indictment which will sustain the sentence, it cannot be reversed." Com. v. Prickett, 132 Pa. 371 ; Hazen et al. v. Com., 23 Pa. 355. For a much stronger reason should this court refuse to reverse in the present case, where both counts in the indictment are good, thus supplying a double foundation for the sentence, where the offenses charged are, by statute, made felonies of the same nature and are visited with precisely the same penalties.

We think, however, that the sentence may properly be referred to the first count of the indictment, which charges the larceny. It will be observed that it directs the defendant to " restore the property stolen if not already restored." Supplying the ellipsis, this may be read, " restore the property (by him) stolen," etc. It may reasonably be assumed that if the sentence ,ere intended to apply to the second count, the words " restore the property stolen and received," or equivalent language, would have been used.

In conclusion we may say, in the language of Mr. Justice AGNEW, found in Henwood v. Com., supra, " The interests of justice and the better policy, introduced by the Code of Criminal Procedure, discarding mere technicalities, require us to fetter the trial of criminal cases as little as possible with mere artificial restrictions."

The specifications of error are overruled, the judgment is affirmed, and it is ordered that the record be remitted to the court below, to the end that its sentence may be executed.