# Commonwealth of Pennsylvania *v.* A. Lincoln Landis, Appellant.

*Criminal law—Arson—Burning factory to defraud insurance companies—Act of March 31, 1860, P. L.* 382, sec. 139.

Defendant was charged in an indictment containing three counts, (1) with feloniously setting fire to a factory; (2) with feloniously attempting to set fire to a factory; (3) with burning a factory with intent to defraud certain named insurance companies. The indictment was found in the court of quarter sessions. Without a motion either to quash or to require the commonwealth to elect on which count defendant should be tried, a general plea of not guilty was entered and a general verdict of guilty was returned by the jury. On a motion for a new trial and to arrest judgment the verdict was set aside as to the first and second counts, because they were exclusively triable in the court of oyer and terminer; the motion to arrest judgment on the third count was overruled and the defendant sentenced on that count. *Held*, that the defendant was not deprived of any statutory privilege, and that after remaining silent when he should have spoken it was too late, after verdict on a count unquestionably good, for him to complain of the action of the court in limiting the verdict to that count.

Submitted Dec. 12, 1899. Appeal, No. 188, Oct. T., 1898, by defendant, from sentence of Q. S. Phila. Co., Oct. T., 1897, No. 370, on conviction for arson under section 139 of the Act of March 31, 1860, P. L. 382. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Indictment for arson. Before AUDENRIED, J.

The facts sufficiently appear in the opinion of the court.

Defendant was sentenced to pay a fine of $100 and undergo imprisonment in separate or solitary confinement at labor in Philadelphia county prison for the term of four years, to pay the costs of prosecution and to stand committed until the judgment is fully complied with. Defendant appealed.

The motion in arrest of judgment and the motion for a new trial are given in appellant's paper-book, but no assignments of error are given.

*Charles L. Brown*, for appellant.

*P. F. Rothermel, Jr.,* district attorney, and *Samuel A. Boyle,* assistant district attorney, for appellee.

OPINION BY ORLADY, J., March 21, 1900:

The defendant was charged in an indictment containing three counts: (1) with feloniously setting fire to a factory; (2) with feloniously attempting to set fire to a factory; (3) with burning a factory with intent to defraud certain named insurance companies. The indictment was found in the court of quarter sessions of the peace for the county of Philadelphia, and without a motion to quash, or requiring the commonwealth to elect on which count the defendant should be tried, a general plea of not guilty was entered and a general verdict of guilty was returned by the jury. A motion for a new trial, and to arrest judgment was then filed. The court set aside the verdict as to the first and second counts, as they were for offenses exclusively triable in the court of oyer and terminer, overruled the motion to arrest judgment in the third count, and sentenced the defendant on that count. The third count in the indictment, which charges a misdemeanor, is framed under the 139th section of the Crimes Act of March 31, 1860, P. L. 382. It is not an offense made punishable in the same manner as arson, but by the statute it is a specially defined crime, and is triable in the court of quarter sessions. As to this count the verdict is good, and the court properly set aside the verdict as to the first and second counts. The defendant was not deprived of any statutory privilege, and after remaining silent when he should have spoken, if he objected to the joinder of the counts, it is too late, after verdict on a count—which is unquestionably a good one—for him to complain of the action of the court in limiting the verdict to that count which he thinks should have been submitted solely to the jury. The assignments of error are overruled and the judgment is affirmed.