# Commonwealth *v.* Bradley.

*Criminal law—Indictment—Accessory—Separate trial.*

Where a person is indicted as an accessory in the same indictment as the principal, but in a separate count, and has a separate trial, the joinder is not prejudicial to the prisoner, and is no ground for quashing the indictment, or arresting the judgment.

*Criminal law—Pleading—Variance—Record—Arrest of judgment.*

A motion in arrest of judgment must be based on some matter appearing on the record. A variance between the information upon which the warrant issued and the indictment is not such matter. Nor where the defendant has gone to trial without raising the objection is it a valid ground upon which to base a reversal of the judgment upon appeal.

*Criminal law—Indictment—Sentence.*

If there is one count in the indictment which will sustain the sentence, it cannot be reversed.

*Criminal law—Indictment—Accessory before the fact—Shooting with attempt to kill.*

An accessory before the fact in the felony of shooting with intent to kill may be tried and convicted before conviction of the principal, on an indictment in which he is charged as an accessory.

In all cases of felony, the accessory is punished in the same manner precisely as the principal, that is, he may be charged in the indictment with having actually committed the offense as principal in the first degree, or he may be indicted for a substantive felony, or he may be indicted as accessory with the principal, at the option of the prosecutor.

A person may be convicted on an indictment formally charging him as an accessory before the fact in the felony of shooting with attempt to kill, although the evidence shows that he was present when the principal fired the shots.

*Criminal law—Charge of the court—Exception—Appeal—New trial.*

Where the record of a criminal trial shows no exception to the charge before verdict, and no request or order before verdict that it be filed, the charge is not before the appellate court, and cannot be considered. If the verdict was contrary to the charge, the prisoner's remedy was by a motion for a new trial.

Argued Dec. 10, 1900. Appeal, No. 35, April T., 1901, by defendant, from judgment of O. T. Crawford Co., May T., 1900, No. 8, on verdict of guilty in case of Commonwealth v. Robert Bradley. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment as an accessory before the fact in the felony of shooting with attempt to kill. Before THOMAS, P. J.

At the trial it appeared that on March 23, 1900, Robert Bradley, the prisoner, and John Slavin went to the saloon of John Kepler in the city of Meadville, and after a disturbance left the place and subsequently returned. Slavin pointed a revolver at Kepler, but did not shoot. Bradley and Slavin left the place and were pursued by the chief of police, Kepler, and other persons. A witness testified that when Bradley and Slavin were near the end of a bridge crossing French creek on the road to Vallonia, he heard Slavin say something to Bradley, who nodded, and that shortly thereafter Slavin shot twice. No one was hit. The indictment against the prisoner contained three counts. The first charged Slavin with feloniously shooting at Kepler with intent to kill; the second charged Bradley with being an accessory before the fact in the said felony; the third charged Slavin with wantonly pointing a pistol at Kepler.

After a charge to the jury to which no exceptions were taken, a verdict of guilty was rendered. Subsequently the defendant moved to arrest judgment for the following reasons:

1. The defendant, Robert Bradley, was arrested for one crime and indicted and tried for another.

2. The defendant, Robert Bradley, was arrested, as will appear by the transcript, as an accessory before the fact, and the indictment shows that Bradley was arrested first as principal and second as accessory before the fact.

There being two counts, and on separate complaints, one against John Slavin for shooting with intent to kill, and the other against Robert Bradley as accessory before the fact, the district attorney had no right to consolidate and bring in an indictment against both defendants, to wit: John Slavin and Robert Bradley jointly.

The court overruled the motion, and sentenced the prisoner to pay a fine of $5.00, and to be committed to the Pennsylvania Industrial Reformatory at Huntingdon, there to be dealt with according to law.

*Errors assigned* were in overruling motion in arrest of judgment, and various portions of the charge.

*H. J. Humes*, for appellant.

*Willis R. Vance,* district attorney, for appellee, cited: State v. Ross, 29 Mo. 32; Benge v. Com., 92 Ky. 1; Kane v. Com., 89 Pa. 522; Com. v. Prickett, 132 Pa. 371; Hazen v. Com., 23 Pa. 355; Stahl's App., 1 Pa. Superior Ct., 496; Curtis v. Winston, 186 Pa. 492.

OPINION BY RICE, P. J., March 19, 1901:

The indictment in this case contained three counts: the first charging Bruce, alias John, Slavin with feloniously shooting at one George W. Kepler with intent to kill and murder; the second charging that this defendant, Robert Bradley, "before the commission of the said felony of shooting at the said George W. Kepler with intent as aforesaid, did maliciously and feloniously incite, abet, move, procure, help, aid, counsel, hire and command the said Bruce, alias John, Slavin the said felony, in manner and form as aforesaid, to do and commit;" the third charging Slavin with wantonly pointing a pistol at Kepler. The defendant was tried separately and a general verdict of guilty was rendered against him.

1. As Bradley had a separate trial, we cannot see that this joinder was prejudicial to him in any way, or that it would have furnished a valid reason for quashing the indictment. Clearly it could not be pleaded in arrest of judgment. In Commonwealth v. Gillespie, 7 S. & R. 469-477, Mr. Justice DUNCAN said: "Nor is the objection maintained that several persons could not be severally indicted in the same bill for separate offenses. For though it might be in the discretion of the court to quash such indictment, yet it cannot be taken advantage of in arrest of judgment; for they are considered as several indictments in point of law."

2. A motion in arrest of judgment must be based on some matter appearing on the record. A variance between the information upon which the warrant issued and the indictment is not such matter. Nor where the defendant has gone to trial without raising the objection is it a valid ground upon which to base a reversal of the judgment upon appeal.

3. Presumably the defendant was found guilty on the second count, which, alone, charged him with an offense; and it is well settled that if there is one count in the indictment which will sustain the sentence, it cannot be reversed: Commonwealth

v. Prickett, 132 Pa. 371; Commonwealth v. Stahl, 1 Pa. Superior Ct. 496; Commonwealth v. Landis, 13 Pa. Superior Ct. 134. Is the second count sufficient to sustain the conviction? Section 44 of the criminal procedure act of 1860 provides: "If any person shall become an accessory before the fact to any felony, whether the same be a felony at common law, or by virtue of any act of assembly now in force or hereafter to be in force, such person may be indicted, tried, convicted and punished in all respects as if he were a principal felon." It is practically conceded by the defendants' counsel that notwithstanding this provision an accessory before the fact may be charged in the indictment as such or as a principal, but he strenuously contends that he cannot be tried and convicted as if he were a principal felon unless he be indicted as a principal. Pursuing the argument to its logical result, it would compel us to hold, that if the indictment formally charges the defendant as an accessory before the fact, the foregoing section does not apply; but the case is governed by the rules of the common law, and amongst them the rule that an accessory before the fact cannot be tried before conviction or outlawry of the principal. We are unable to accede to a construction of the section which would lead to such a result. Speaking of this section the revisers said: "The new principle in the section is that which makes the accessory before the fact guilty of a substantive offense, and which subjects him to punishment for his crime, without postponing it until the conviction of the actual perpetrator; or, more precisely speaking, which abolishes, in felonies, the technical distinction now existing between accessories before the fact and principal offienders:" Report on the Penal Code. The enforcement of this "new principle" which this section introduced into the criminal law cannot, by any fair construction, be made to depend upon the form of the indictment. "In all cases of felony, therefore, the accessory is punished in the same manner precisely as the principal felon; and he may now be indicted either as a principal—that is he may be charged in the indictment with having actually committed the offense as principal in the first degree—or he may be indicted for a substantive felony, or he may be indicted as accessory with the principal, at the option of the prosecutor:" 1 Archbold's Crim. Prac. 71, quoted with apparent approval in Brandt v. Com-

monwealth, 94 Pa. 290.  Such has been the construction put upon the English statute of which the 44th section of our act is a transcript; it is in harmony with the spirit of the law and not in conflict with its letter.  All the confusion that has arisen in this case would have been avoided if the defendant had been indicted as a principal in the simple and usual method; but under our statute, whichsoever of the three methods above suggested of indicting an accessory before. the fact is adopted, he may be convicted without alleging or proving the prior conviction of the principal.

4. It is urged further that the defendant could not be convicted under an indictment formally charging him as an accessory before the fact, because the evidence showed that he was present when Slavin fired the shots.  Whether under our statute the defendant in such indictment can be convicted without proof that there was a principal, is a question which we need not discuss, for in the present case the proof was full upon that point.  Nor is it important in whose mind the criminal thought originated; if in the principal's, a man may become an accessory before the fact by encouraging him in it: 1 Bishop's Crim. Law, sec. 675.  In stating the distinction between a principal and an accessory before the fact, it is sometimes said that to constitute a man an accessory, it is necessary that he be absent at the time when the felony was committed.  " Yet," as stated by Mr. BISHOP, " by separate acts, a man may make himself both principal and accessory in the same felony; as by commanding another to kill a third person, whereby he becomes an accessory when the murder is done; and afterwards joining with the person commanded in doing it which makes him also a principal:" 1 Bishop's Crim. Law, sec. 664.  After a careful examination of the evidence we cannot say that a jury would not have been warranted in convicting the defendant on the second count of the indictment, even if he had not been present at the very moment when the shots were fired by Slavin.  Therefore, applying the principle last referred to, and bearing in mind the provisions of our statute, we conclude that the fact of his presence would not bar a conviction.  To hold otherwise would be to restore the least meritorious of the technical distinctions between accessories before the fact and principals.

5. As to the remaining questions raised on the argument of

this appeal we remark, that the record before us shows no exception to the charge before verdict, and no request or order before verdict that it be filed. Therefore, as was said in Curtis v. Winston, 186 Pa. 492, and as has been held in many of the late cases, " there is no charge lawfully of record for our consideration." We remark in addition that if, as is earnestly argued, the verdict was contrary to the instructions of the court—a perverse verdict—the defendant's remedy was by a motion for a new trial. It was not in the court below, and is not in this court, ground for arresting the judgment. And, as the refusal of the court to grant a new trial is not ordinarily assignable for error, and is not so assigned in the present case, we refrain from any discussion of that ruling.

All the assignments of error are overruled, the judgment is affirmed and the record is remanded to the court below, to the end that the sentence be carried into effect.