## Commonwealth v. Stanley, Appellant.

*Election law—Criminal law—Indictment—Unlawful voting—Wrongful use of tax receipt—Evidence.*

1. Where a person is indicted, and the indictment contains three counts, the first founded on the Act of July 14, 1897, P. L. 261, for voting when not qualified, the second on sec. 125 of the Act of July 2, 1839, P. L. 519, for fraudulently using a false tax receipt, and a third on the Act of July 15, 1897, P. L. 276, for voting on a tax receipt obtained within less than thirty days prior to the election, and there is evidence to sustain the charges contained in the first two counts, a sentence upon a verdict of guilty will be upheld by the appellate court. It is sufficient if there is one count in the indictment which will sustain the sentence.

*Appeals—Errors—Evidence.*

2. An appellant must not only establish the existence of an error in

the proceedings below, but that the error of which he complains has tended to his injury, and as a general rule it is not sufficient to show that an important question either in form or substance has been put to the witness, but it must appear that an answer was received which tended to injure the case of the appellant.

Argued Nov. 9, 1908. Appeal, No. 210, Oct. T., 1908, by defendant, from judgment of Q. S. Montgomery Co., June T., 1908, No. 36, on verdict of guilty in case of Commonwealth v. Eugene Stanley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for violation of election laws.

The facts appear by the opinion of the Superior Court.

At the trial the jury returned a verdict of guilty, upon which the defendant was sentenced to pay a fine of $10.00 and undergo an imprisonment of nine months.

*Error assigned* was in not directing a verdict of not guilty.

*J. P. Knipe*, of *Wagner & Knipe*, with him *N. H. Larzelere*, and *Henry I. Fox*, for appellant.

*Theo. Lane Bean*, with him *J. B. Larzelere, Jr.*, district attorney, and *Charles D. McAvoy*, assistant district attorney, for appellee.

OPINION BY ORLADY, J., April 00, 1909:

The defendant was found guilty under an indictment containing three counts, the first of which was founded on the Act of July 14, 1897, P. L. 261, in which he was charged with "fraudulently, unlawfully, knowingly and willfully" voting at an election for public municipal officers in the election district of the first ward of the borough of Bridgeport, Montgomery county, he not then and there being a person qualified by law to vote. The second count was founded on the 125th section of the Act of July 2, 1839, P. L. 519, in which he was charged with "fraudulently, unlawfully, willfully and knowingly publishing, uttering and making use of a forged or false

tax receipt with intent to impose the same upon and deceive the inspectors and judge of elections at the same election," etc. The third count was founded on the Act of July 15, 1897, P. L. 276, in which he was charged with "fraudulently, unlawfully, willfully and knowingly" voting at the same election upon a tax receipt obtained within less than thirty days prior to the date of holding the said election. The several offenses were set out in the indictment in the words of the respective statutes.

While there are a number of assignments of error, the principal contention of the defendant on this appeal is, that there was not sufficient legal proof of guilt to warrant the verdict, and that the court erred in not directing a verdict of "Not guilty." After a careful examination of the whole record we are confident of the righteousness of the verdict, and that the disputed facts were fully and fairly submitted to the jury by the court, and they fully warranted the verdict of guilty as returned by the jury. In the light of this finding, the case stands as a deliberate violation of the election laws of the commonwealth, meriting prompt and severe punishment.

While the third count in the indictment was presented jointly with the first and second, the evidence in relation to the use of the tax receipt was of such a doubtful and unsatisfactory character in showing that it had been obtained within less than thirty days prior to the date of holding said election, that it might well have been withdrawn from the consideration of the jury; and in disposing of this case, it is not necessary to sustain that count in order to affirm the judgment, and had it been withdrawn from the consideration of the jury, the result would doubtless have been the same, as the proof in relation to the first and second counts was so overwhelmingly against the defendant, that any other verdict than that of guilty on these two counts would have been against the fair weight of the evidence, and it is well settled that it is sufficient if there is one count in the indictment which will sustain the sentence: Commonwealth v. Prickett, 132 Pa. 371; Commonwealth v. Landis, 13 Pa. Superior Ct. 134; Commonwealth v. Bradley, 16 Pa. Superior Ct. 561.

The appellant must not only establish the existence of an

error in the proceedings below, but that the error of which he complains has tended to his injury, and as a general rule it is not sufficient to show that an important question either in form or substance has been put to the witness, but it must appear that an answer was received which tended to injure the case of the appellant. The offer to show that a meeting between a man by the name of Hunsicker and Mulley resulted in a visit to the tax collector, February 6, 1908, by which said tax receipts were received, and that one of the receipts was altered so that the word "eight" was changed to "seven"; and that the name was erased, and Eugene Stanley's name inserted, it being one of these tax receipts that the defendant used, whether supported by the proof subsequently introduced is not material, for the reason it was understood at the time the offer was made, if it was not made good by subsequent proof it was not to be considered by the jury, and even if this testimony was incompetent, the defendant is in no position to take advantage of it at this time, as there was no motion to strike it out, nor was the court asked to instruct the jury to disregard it, as might have been done on the ground that it did not come up to the offer, and it was treated by the defendant as being properly before the jury. As said in Commonwealth v. Craig, 19 Pa. Superior Ct. 81, the failure of the commonwealth to make good its offer would more probably operate in the defendant's favor with the jury. See Commonwealth v. Bell, 166 Pa. 405. The evidence in the case shows that the defendant knew that his vote would be challenged and he took his chances in voting at the election of February 18, 1908, after he had been fairly challenged for the nonpayment of his taxes. The receipt offered by him, dated February 6, 1907, and signed J. H. Carver, the delinquent tax collector, was clearly shown to be a false and fraudulent one; the collector not only testified that no such receipt had been given, nor any tax had been paid which it represented, but further that the name of the defendant was not on his books in any way, and in this he was corroborated by the stubs of his receipt book, as well as by the testimony of Collector Markley, and the records of the county commisioners'

office, which showed that no tax was assessed against the defendant. The only contradiction of these important facts is found in the testimony of the defendant and his wife, and their credibility was properly submitted to the jury. The receipt had been returned to Stanley after he had voted, and it was not in evidence on the trial, so that the whole question resolved itself into one of fact and the credibility of witnesses, and these were properly disposed of by the jury.

The assignments of error are overruled and the judgment is affirmed.