# Commonwealth *v.* Trembley.

*Criminal law—Indictment—Joint indictment—Breaking, entry and larceny—Information.*

1. Where two persons are arrested for breaking, entry and larceny, and two days thereafter a third person is arrested on an information which was substantially identical in the description of the offense as to time, place and nature as that with which the other two persons were charged, and the justice sends up to the quarter sessions separate transcripts, the district attorney commits no error in joining the third person in one indictment with the other two.

2. In such a case where the first two defendants plead guilty and these pleas are indorsed on the bill before it is sent to the grand jury,

the third defendant cannot complain of this action as detrimental to himself where it does not appear that the grand jury was influenced by it, and does appear that the third defendant was accorded a separate trial.

3. Where an indictment is captioned in the oyer and terminer, but the record shows, and it is undisputed that it was found and returned in the quarter sessions, and that the trial and all the subsequent proceedings, including a motion to quash were had in that court, and it appears that the quarter sessions had jurisdiction, the defendant after conviction, cannot complain, as a ground for reversal, that the case was wrongly captioned.

Argued Oct. 26, 1914. Appeal, No. 56, Oct. T., 1914, by Harry Owens, from judgment of Q. S. Potter Co., March Sessions, 1914, Nos. 9 and 111, on verdict of guilty in case of Commonwealth v. Clifford Trembley, Ernest Carpenter and Harry Owens. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Indictment for forcible entry and larceny. Before HECK, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were in overruling motions to quash and in arrest of judgment.

*L. B. Seibert* and *W. L. Lillibridge*, for appellant.— Where there is no information against defendants jointly, a bill of indictment cannot be sent before a grand jury unless by consent of the court or upon urgent necessity: Com. v. Schall and Danner, No. 1, 5 York L. R. 139; Com. v. Roland, 18 Lanc. 25; Com. v. Green, 126 Pa. 531; Rowand v. Com., 82 Pa. 405; Com. v. Clement, 8 Pa. Dist. Rep. 705; Com. v. Lloyd, 3 Clark, 189.

The wrongful caption nullified the proceedings: Rolland v. Com., 82 Pa. 307; Dougherty v. Com., 69 Pa. 286; Com. v. Gabor, 209 Pa. 20.

*Colin R. Richmond,* district attorney, with him *W. F. Dubois,* for appellee.—There was no error in the pro-

ceedings: Franklin's App., 163 Pa. 1; Com. v. Bradley, 16 Pa. Superior Ct. 561; Wolf's App., 16 Pa. Dist. Rep. 751; Com. v. Church, 17 Pa. Superior Ct. 39; Com. v. Shoener, 25 Pa. Superior Ct. 526; Com. v. Gouger, 21 Pa. Superior Ct. 217; Henwood v. Com., 52 Pa. 424; Com. v. Gillespie, 7 S. & R. 469; Com. v. Carson, 166 Pa. 179.

OPINION BY RICE, P. J., February 24, 1915:

The appellant raises no question as to the fairness of his trial or as to the competency and sufficiency of the evidence. The objections he raises are of a technical nature, which do not go to the merits of the case. Those that require particular notice will be discussed under general heads without taking up in detail each of the twenty-four assignments of error.

Upon information and warrant, Trembley and Carpenter, two of the above-named defendants, were arrested, and, after hearing, were committed to jail to await trial. Two days later Harry Owens, the appellant, was arrested, and, after hearing, was likewise committed. The justice sent up to the quarter sessions separate transcripts. While the information against Owens did not, in so many words, charge him as a joint offender, yet the description of the offense was substantially identical, as to time, place, and nature, with that with which Trembley and Carpenter were charged. The district attorney joined the three defendants in one indictment, and in doing so had the express legislative sanction of sec. 65 of the Act of March 31, 1860, P. L. 445.

Before the bill was sent to the grand jury Trembley and Carpenter pleaded guilty—the former to the second and third counts, and the latter to the first count. It is argued that sending the bill before the grand jury with these pleas indorsed on it was in violation of the Act of April 15, 1907, P. L. 62. Whether Trembley and Carpenter could complain of this we need not de-

cide. They are not complaining. Notwithstanding their pleas, the bill as drawn was good as against Owens, and in submitting it to the grand jury for action as against him no statutory right he had was violated. We are not convinced that the return of the grand jury should be interpreted as the finding of a true bill as to the second and third counts against all of the defendants. But even if it should be so interpreted, yet, as Owens was accorded a separate trial, this irregularity was not ground for quashing the indictment or arresting the judgment as to him. See Com. v. Bradley, 16 Pa. Superior Ct. 561.

In indorsing the pleas of Trembley and Carpenter on the indictment, the practice suggested in Com. ex rel. v. Francies, 53 Pa. Superior Ct. 278, as appropriate, was followed. The objection, that following this ordinarily appropriate practice operated to Owens' prejudice in the grand jury's consideration of his case, is based on pure speculation. Certainly, the knowledge of the grand jury that Carpenter had pleaded guilty to the first count was not prejudicial to Owens, for the grand jury ignored that count. This showed discrimination on their part, and strengthens our conclusion that the probability that they were prejudiced against him, by knowledge of the fact that Trembley had pleaded guilty to the second and third counts, is too remote to warrant us in holding that the court committed legal error or abuse of discretion in refusing to quash the indictment. See Com. v. Biddle, 200 Pa. 640; Com. v. Dietrich, 7 Pa. Superior Ct. 515, at p. 523.

While the indictment was captioned in the oyer and terminer, the record shows, and this is undisputed, that it was found and returned in the quarter sessions, and that the trial and all the subsequent proceedings were had in that court. Moreover, the defendant recognized and invoked the jurisdiction of the quarter sessions by addressing his motion to quash to that court. We do not concur with counsel for the appellant in

their contention that the offense charged in the first count was exclusively triable in the oyer and terminer. But we need not take up time in the discussion of that question, for, whatever may be said as to that count, the quarter sessions had undoubted jurisdiction of the crimes charged in the second and third counts, upon which the appellant was tried and convicted. This being so, the mistake in the caption of the indictment was a purely technical one, and, as was said in Brown v. Com., 78 Pa. 122, "it would be a shame if this were not amendable" even after verdict, judgment, and appeal. The case having been tried and disposed of in the court below as if the amendment had been actually made, it will be so treated here by remitting the record for execution to the court from which it came.

All the assignments of error are overruled, the judgment is affirmed, and the record is remitted to the court of quarter sessions of Potter county, with direction that the appellant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with that part of his sentence which had not been performed at the time this appeal was made a supersedeas.