## Commonwealth v. Lord.

*James B. Landis*, District Attorney, and *C. L. Shaver*, for Commonwealth. *T. J. Itell*, for defendant.

BOOSE, P. J., May 9, 1930.—The defendant has been indicted in the above case upon two bills, the one charging "secreting goods after levy to prevent sale," and the other alleging, under separate counts, "larceny and receiving stolen goods." Motions have been presented to quash both indictments.

The first bill of indictment alleges that the defendant "did willfully, maliciously and unlawfully and fraudulently remove, secrete, transport and carry away the personal property, to wit, the goods and chattels, of another person, to wit, of Nora Romesburg and Harry Romesburg, after a levy had been made thereon by J. J. Sobiesky, tax collector of Central City Borough in said county, with intent to defraud and to prevent said property from being sold by virtue of an execution after levy made as aforesaid, contrary to the act of assembly," etc.

This indictment is laid under the Act of April 22, 1903, P. L. 242, which provides: "Any person who shall remove any of his or her property, or the property of any other person or persons, out of any county with intent . . . to prevent the said property from being sold by virtue of any said execution after levy has been made thereon, . . . shall be guilty of a misdemeanor," etc.

The precise question here involved is whether the removal of goods after levy by a tax collector, thereby preventing a sale thereof, constitutes an offense within the meaning of this act. The answer to this question depends upon the construction to be placed upon the word "execution" as employed in the said act. An execution is the writ which directs and authorizes an officer to carry into effect the final judgment or decree of a court. The word "execution" as used in this act must be understood in its ordinary and usual acceptation, that is, as a judicial process for carrying into effect the final judgment, decree or sentence of a court.

The general rule is that penal statutes, that is, statutes imposing penalties or prescribed punishments for crime, are to be strictly construed. The letter of such a statute is to be adhered to, and it is not to be extended by implication. A case not expressly covered and within the plain and precise meaning of the words cannot be brought within the statute by loose or broad construction. The interpretation is to be most favorable to the person accused of having violated the statute, and a doubt as to the application of the penalty is conclusive in his favor.

A tax collector derives his power to levy and distrain for taxes from section 21 of the Act of April 15, 1834, P. L. 509, which makes it his duty to levy the taxes by distress and sale of the goods and chattels of the delinquent. The question has not been raised and has never been decided in Pennsylvania whether a levy and distress under a tax collector's warrant constitutes an execution within the meaning of the Act of April 22, 1903. It has been decided that a landlord's warrant is not an execution under said act in Com. v. Toomey, 25 Dist. R. 737. By analogy, we think, it necessarily follows that a levy made under a tax collector's warrant is not an execution as the term is used in said act, and that removing of goods thus levied upon to prevent their sale does not constitute an indictable offense under said act as laid in the present bill of indictment.

In Com. v. Mahon, 12 Pa. Superior Ct. 616, it was held, although probably not necessarily for the purpose of the decision upon the fact involved, that a tax collector's warrant is in the nature of an execution. The court said:

"The warrant to the collector, which the act authorized, empowered him to levy the amount of the tax by distress and sale of the goods and chattels of the delinquent, and, in case sufficient goods and chattels could not be found, to take his body. There was a personal liability of the owner, legally enforceable, but not by a common-law action. The warrant was in the nature of an execution, and the collector might levy upon personal property not on the land assessed."

However, while it has. been held that a tax collector's warrant is in the nature of an execution, it is not a judicial process in the ordinary sense of the term: Acme Harv. Mch. Co. *v.* Hinkley, 122 N. W. Repr. 482; Sprague *v.* Birchard, 60 Am. Dec. 393; Haley *v.* Elliott, 26 Pac. Repr. 559; Tweed *v.* Metcalf, 4 Mich. 579; 37 Cyc. 1202.

We are not prepared to say, and it is unnecessary to decide, that the defendant might not be indicted and convicted under any of the provisions of the Act of April 22, 1903, P. L. 242. This act amends section 1 of the Act of June 23, 1885, P. L. 136, which amended section 130 of the Act of March 31, 1860, P. L. 382, 413; that section was a transcript of the 3rd section of the Act of July 12, 1842, P. L. 339. The Act of June 23, 1885, was construed by the Supreme Court, in Com. *v.* Lewis, 6 Pa. Superior Ct. 610, as follows:

"The evil aimed at by the Act of June 23, 1885, under which the indictment is framed, is the defrauding of creditors by placing the debtor's property beyond their reach. While the statute enumerates some of the methods by which this might be done and prohibits them under a penalty, it also contemplates all fraudulent means of secreting, removing or disposing of property, with like intent, by the words 'or otherwise dispose of any . . . property . . . with intent to defraud any creditor.'

"The fraudulent removal of property to evade liability for debts is forbidden by the statute, and this is its principal subject. The purpose is to protect creditors from being fraudulently deprived of recourse to the property of the debtors, and it includes all creditors who may thus be defrauded, without regard to the nature or status of their claims. The reference in the act to methods of removal which might more particularly affect debts of a certain status was not designed to exclude the claims of other creditors from its provisions. The act was intended to embrace all fraudulent methods of placing property beyond the reach of creditors. And all creditors who may thus be defrauded are included in its scope and purpose. The substantive offense is the fraudulent removal; and the inclusion of several methods or phases of the removal in one count is not forbidden by the principles of criminal pleading, although the removal might have been accomplished by one or more of these, to the exclusion of others. Conviction of a fraudulent removal by proof of one phase or method would be a bar to a subsequent prosecution or the removal of the same property through other methods, when all relate to the same transaction: Com. *v.* Mentzer, 162 Pa. 646."

We do not mean to hold that the facts alleged in the information might not be sufficient to support an indictment if properly set forth and charged in the bill to constitute one of the prohibited methods of secreting, removing or disposing of property or preventing such property from being made liable for the payment of the debts of another person. All that we do decide is that a tax collector's warrant, and a levy and distress made thereunder, is not an execution within the meaning of said act so as to prevent a removal of the goods levied upon and to constitute an indictable offense.

The second bill of indictment contains two counts: The first charging larceny, and the second count, receiving stolen goods. This indictment is sufficient on its face to constitute the offense charged if supported by the evidence. It is not necessary to pass upon the reasons urged in support of the motion to quash. The principle reasons assigned in support of the motion to quash the first count are: That the information does not support the indictment and does not allege legal possession and title to the goods alleged to have been stolen. An inspection of the information shows that it does allege the felonious taking and carrying away of the goods and chattels therein enumerated, their value, custody and possession.

"Where property is levied upon by a constable or sheriff, he acquires a special property in it, and if stolen, it may be charged in an indictment or complaint as his property or as that of the owner:" 2 Wharton's Criminal Law (11th ed.), page 1404.

As to the last count, the objections that there was no charge in the information of receiving stolen goods, that the defendant was not bound over to answer this charge, that he had no notice of such charge being presented to the grand jury and that leave of court was not obtained, cannot be sustained. The Act of March 31, 1860, P. L. 427, 436 [§ 24], provides as follows:

"In every indictment for feloniously stealing property, it shall be lawful to add a count for feloniously receiving the said property, knowing it to have been stolen, and in any indictment for feloniously receiving property, knowing it to have been stolen, it shall be lawful to add a count for feloniously stealing said property, and it shall be lawful for the jury trying the same to find a verdict of guilty either of stealing the property or of receiving the same, knowing it to be stolen:" Stahl's Appeal, 1 Pa. Superior Ct. 496, 499.

### Decree.

Now, May 9, 1930, the motion to quash the indictment for secreting goods after levy to prevent sale is sustained and indictment quashed; the motions to quash the indictment for larceny and receiving stolen goods are overruled, leaving it to the discretion of the district attorney to press said indictment to trial, if, in his opinion, the Commonwealth's evidence is sufficient to warrant a conviction upon either or both counts therein contained.

From Mrs. Daryle R. Heckman, Somerset, Pa.