## Commonwealth ex rel. Wheeler v. Francies.

*Criminal law—Waiver of action by grand jury—Pleading guilty—Act of April 15, 1907, P. L. 62.*

1. Where a prisoner has in pursuance of the Act of April 15, 1907, P. L. 62, waived the finding of the grand jury and pleaded guilty to an indictment drawn in the usual form and signed by the district attorney, he cannot after a sentence has been imposed upon him, complain in habeas corpus proceedings, that the sentence was in violation of sec. 10, art. 1, of the constitution of Pennsylvania, which provides that "no person shall for any indictable offense be proceeded against criminally by information, except," etc.

2. The Act of April 15, 1907, P. L. 62, is constitutional.

Petition for habeas corpus. Miscellaneous Docket No. 28.

OPINION BY RICE, P. J., July 15, 1914:

It appears by the petition and the transcript of the record of the court of oyer and terminer of Bedford

county, which is referred to and made part of the petition, that the relator was duly arrested and brought before a justice of the peace of Bedford county upon a charge of felonious breaking, entry and larceny; that after hearing he was committed to the county jail in default of bail for his appearance at the next term of court; that upon the justice's transcript of the proceedings being returned to court, an indictment in due form was drawn and signed by the district attorney; that by writing indorsed on the indictment and signed by him the relator waived action by the grand jury and pleaded guilty to the charge embraced in the indictment; and that upon September 9, 1912, he was sentenced to the Western Penitentiary for a maximum period of four years and a minimum period of one year. The proceedings were in substantial accord with the provisions of the act of April 15, 1907, P. L. 62. The relator's waiver of action by the grand jury was affirmative, express and unambiguous, and the indictment drawn by the district attorney was, as to form and substance, sufficient to show that the offense was within the jurisdiction of the court that imposed the sentence and to inform the relater as to the precise accusation against him. In short, none of the objections which were held fatal in Com. ex rel. Fagan v. Francies, 53 Pa. Superior Ct. 278, appear here. The sole ground upon which the relator rests his demand to be discharged is that the proceeding in the oyer and terminer, and the sentence were in violation of sec. 10, art. 1 of the constitution of Pennsylvania which provides, inter alia, "No person shall, for any indictable offense, be proceeded against criminally by information, except," etc. We cannot sustain this contention, which, in view of the state of the record, would necessarily involve the further conclusion that the act of 1907 is unconstitutional and void. That act does not, either in terms or in effect, re-establish the common-law proceeding by information in criminal cases which was found oppres-

sive, and which, because of its oppressiveness, the framers of the constitution intended to abolish as to indictable offenses, except in the specially enumerated cases. It simply gives to an accused person, that is, one who already has been duly charged with the commission of a criminal offense, the privilege, if he so desires, to waive the finding of a grand jury, and to plead guilty to the indictment drawn in the usual form and signed by the district attorney. There are instances where it would be to the advantage of the accused (for example if he has been committed to prison) to avail himself of the privilege conferred by the act, instead of being compelled to await the meeting of the grand jury, and a trial in court. And if the wise safeguards which the act throws around the exercise of the privilege are observed, it cannot possibly give rise or open the door to the abuses which the constitutional provision under consideration was intended to prevent. It does not take away or abridge any constitutional right of the accused; and in our judgment does not enlarge the jurisdiction of the criminal courts beyond constitutional limitations.

The petition for writ of habeas corpus is refused.