Commonwealth ex rel. Slifko *v.* Ashe, Warden.

Opinion by Keller, P. J., June 30, 1941:

Petition for writ of habeas corpus. Rule to show

cause granted, in accordance with the practice in *Com. v. Curry,* 285 Pa. 289, 298, 132 A. 370.

On March 8, 1940, pursuant to pleas of guilty, entered in open court in Washington County, the relator, James Slifko, was sentenced on two district attorney's 'indictments' prepared under the Act of April 15, 1907, P. L. 62, without presentation to a grand jury, as follows:

(1) No. 69 May Sessions 1940—Attempted burglary —to imprisonment in the Western State Penitentiary for not less than one year nor more than ten years, to be computed from February 24, 1940, the date of commitment to jail.

(2) No. 70 May Sessions 1940—Burglary [not connected with No. 69]—to imprisonment in said penitentiary for not less than two years nor more than ten years, to begin at the expiration of sentence at No. 69.

He was committed accordingly.

He alleges as grounds for his discharge from imprisonment:

(1) That he was not represented by counsel or advised of his right to have counsel, or of his right to trial by jury.

(2) That he was deprived of his constitutional right to an indictment by a grand jury.

(3) That the 'indictments' prepared by the district attorney were not signed or authenticated by him.

(4) That he, the relator, did not sign, nor was he asked to sign his name to any plea entered on said 'indictments,' nor was any plea of guilty endorsed on them.

While the proceedings show a disregard on the part of the district attorney of some of the statutory requirements relative to the practice under the Act of April 15, 1907, P. L. 62, which should be corrected at once and avoided in the future, we are of opinion that the record in the court below establishes that there was no

such impairment of the substantial rights of the relator defendant as to warrant his discharge from imprisonment; and that the record in its entirety shows sufficient compliance with the requirements of criminal procedure to clothe the court with jurisdiction to impose the sentences challenged, within the principles enunciated by Mr. Justice MAXEY, speaking for the Supreme Court, in *Com. ex rel. Paul Moore v. Ashe, Warden,* 341 Pa. 555, 19 A. 2d 734.

We will consider the grounds presented in their order.

(1) There is no provision in the Bill of Rights in our Constitution requiring the court to appoint counsel to defend or represent one accused of crime who announces his desire to plead guilty to the offense charged before trial: *Com. ex rel. Curtis v. Ashe,* 139 Pa. Superior Ct. 417, 12 A. 2d 500; *Com. ex rel. Campbell v. Ashe,* 141 Pa. Superior Ct. 408, 411, 15 A. 2d 409. To do so would result in intolerable delay in the administration of justice, without serving any really useful purpose, for the defendant knows whether he committed the act charged or not.

(2) The Act of April 15, 1907, P. L. 62, is constitutional and did not deprive the relator of any rights which he could not waive: *Com. ex rel. Stanton v. Francies,* 250 Pa. 496, 95 A. 527; *Com. ex rel. Wheeler v. Francies,* 58 Pa. Superior Ct. 266, 268.

(3) The 'indictment' should have been signed by the district attorney, just as a bill of indictment presented to the grand jury should be signed. It is not complete as an indictment until it is signed. How this practice came into vogue in Western Pennsylvania we do not know. It should be stopped. But the defect can be amended. No one would contend that a verdict of guilty after a trial should be set aside solely because the district attorney failed to sign the bill. It could be amended even after verdict. See *Com. v. Tassone,* 246 Pa. 543, 92 A. 713. But there is no sense in a district attorney intentionally or carelessly running any

such risk. The circumstances hereinafter stated are such as to justify the amendment.

(4) The plea should be "entered on" the indictment as prescribed in the Act of 1907, and while not *required* by the statute, it is *desirable* that the plea be followed by the defendant's signature or his witnessed mark. A form of such plea, which complies with all the requirements of the Act and of the decisions of our appellate courts, is given in Mr. Justice MAXEY'S opinion in *Com. ex rel. Paul Moore v. Ashe*, supra,[1] which, if adopted generally, would avoid all these controversies. The circumstances hereinafter stated lead to the conclusion that the relator entered his plea of guilty in open court in such a manner as to leave no ground for uncertainty as to the crimes to which he then and there pleaded guilty, and that, on a possible subsequent prosecution for the same offenses, he could show by the records in connection with such pleas that he had previously answered for them. See *Com. ex rel. Paul Moore v. Ashe*, supra; *Com. ex rel. Fagan v. Francies*, 53 Pa. Superior Ct. 278; *Com. ex rel. Mayernick v. Ashe*, 139 Pa. Superior Ct. 421, 12 A. 2d 452.

The original records sent up in this proceeding show that on Friday, March 8, 1940, this relator along with his co-defendants, Edward Bowen and John Teslovich,

---

[1] "If a bill of indictment drawn under the Act of 1907 has entered *on it* the following, all the requirements of that act and of the decisions of our appellate courts in respect thereto are complied with:

'I, the defendant above named, being willing to enter a plea of guilty to the charge contained in the within indictment and having notified the district attorney to that effect and the district attorney having prepared pursuant to that notice this bill of indictment in the usual form, specifying the charge made, do hereby request that my plea of guilty be entered hereon.'

"It is desirable that this be followed by the defendant's signature or witnessed mark." Opinion of the Court, by MAXEY, J., in *Com. ex rel. Paul Moore v. Ashe*, supra.

was brought before the court—Honorable ROBERT E. BURNSIDE presiding—and that the district attorney then informed the court that the said defendants, naming them, "at No. 69 May Term 1940 ...... are entering their pleas of guilty to a charge of attempted burglary" and "at No. 70 May Term 1940, the same defendants are entering their pleas of guilty to a charge of burglary." The prosecutor, Robert C. Hartung, a member of the Pennsylvania Motor Police, was then called and in the presence of the defendants stated the facts connecting the defendants with an attempted burglary or felonious entry into Spragg's Department Store, Donora, Pa., and the burglary or felonious entry of the Montgomery Ward Store in the same place, where $400 worth of merchandise had been stolen, which was subsequently recovered from Bowen, who confessed his guilt and implicated Teslovich and Slifko; that the latter were arrested the same evening and on the following day a statement was taken from them confessing to the breaking into the Montgomery Ward Store and the attempt to break into Spragg's Hardware Store.

The court thereupon addressed each defendant in turn, saying to this relator, "Slifko, ever been in trouble before?" to which he replied, "No sir".

The court then sentenced the respective defendants, the sentences imposed on relator being as already stated.

The proceedings before the court were taken by the court stenographer and the transcript was approved by the trial judge and directed to be filed to the number and term assigned to the proceedings under the 'indictments' before referred to.

There can be no doubt that in the circumstances thus presented the defendant relator was fully conversant with the crimes of which he was charged and that he pleaded guilty to the 'indictments' charging him with such crimes with full knowledge of what he was doing and with the intent to do just what the record shows he did; and that his legal rights were fully protected.

The rule is discharged and the petition is refused.