Commonwealth ex rel. Lieberman *v.* Smith, Warden.

OPINION BY RHODES, J., March 2, 1943:

Relator has filed a petition for a writ of habeas corpus. He had been indicted in Philadelphia County under four bills of indictment, Nos. 246, 247, 248, and 249, October Sessions, 1937. In bill No. 246 he was charged: First count, assault—being armed with an offensive weapon with intent to rob; second count, assault—together with other persons with intent to rob; third count, robbery—being armed with an offensive weapon; fourth count, robbery—together with other persons; fifth count, robbery—with violence; sixth count, robbery—while armed with firearms contrary to Uniform Firearms Act of June 11, 1931, P. L. 497.[1] Each count except the sixth ends with the phrase "against the peace and dignity of the Commonwealth of Pennsylvania."

In bill No. 247 relator was charged with entering with intent to commit a felony; in bill No. 248 he was charged with assault and battery, aggravated assault and battery, and assault and battery with intent to kill; in bill No. 249 he was charged with carrying concealed deadly weapons, and with carrying a firearm on his person without a license.

On bills Nos. 246, 247, and 248 relator was indicted jointly with one Danny DiLuzio who pleaded guilty.

These crimes were committed while relator was on parole. He had been sentenced on March 29, 1933, to serve two and one-half to five years in the Eastern State Penitentiary.

Relator was tried and convicted on all four bills, and, on November 12, 1937, sentenced on bill No. 246 to serve ten to twenty years in the Eastern State Penitentiary, sentence to be computed from October 17, 1937. He now complains that the sentence on this bill has been computed from April 17, 1940, and that it

---

[1] This act has been repealed by Act of June 24, 1939, P. L. 872, §1201. See 18 PS §4628.

should have been concurrent with his unexpired previous sentence. In *Com. ex. rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347, we held that there is no merit in such a contention, and that the new sentence begins after service in prison of the balance of the maximum sentence unserved at the time parole was revoked for the commission of a crime during the period of parole.

Relator also complains that bill No. 246 was incomplete and indefinite by failure to conclude "against the peace and dignity of the Commonwealth of Pennsylvania." Constitution, art 5, §23. All counts in the bill except the sixth have this conclusion, and are free from defect. In *Com. v. Paxton,* 14 Phila. 665, 666, the absence of the prescribed conclusion was held to be a formal defect, apparent upon the face of the indictment. Objections to indictments for formal defects must be taken prior to the entry of a plea. See Act of March 31, 1860, P. L. 427, §11, 19 PS §431; *Com. ex rel. Jenkins v. Ashe,* 341 Pa. 334, 336, 19 A. 2d 472. We think it is too late now to object to the conclusion of one count in the indictment and to question with any effect the sentence imposed. Even if defendant's objection to the sixth count were sustained, it would not warrant his discharge from imprisonment. If there is one count in an indictment which will sustain the sentence, it is good and will not be reversed. *Com. v. Stahl,* 1 Pa. Superior Ct. 496, 501; *Com. v. Holgate,* 63 Pa. Superior Ct. 246, 255; *Com. v. Bitler,* 133 Pa. Superior Ct. 268, 281, 2 A. 2d 493. Punishment on the sixth count would have been, under the Act of 1931, additional to the punishment provided for the crime of robbery. Any one of the other counts of the indictment would sustain the sentence.

There is no averment in relator's petition that the prosecuting authorities obtained his conviction by the presentation of testimony known to be perjured, or that

**4**

they had any part in obtaining perjured testimony.

At his trial relator was represented by counsel. If there were trial errors they should have been brought to the attention of the court below and of the appellate court in the proper manner. A writ of habeas corpus cannot be used as a substitute for an appeal. *Com. ex rel. Lewis v. Ashe,* 335 Pa. 575, 7 A. 2d 296; *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 47, 24 A. 2d 1.

The writ is refused.