Commonwealth ex rel. O'Leary *v.* Ashe.

OPINION BY KELLER, P. J., December 13, 1944:
All of the matters brought to our attention by the

relator in this petition for writ of habeas corpus, except one, were raised in his former petition to No. 176 Miscellaneous Docket, and were considered in our order filed April 30, 1943. See 152 Pa. Superior Ct. 322, 32 A. 2d 36.

In that proceeding we held that the relator's sentence for breaking and escaping the penitentiary (No. 513 April Sessions 1925), was illegal to the extent that it exceeded a minimum of five years and a maximum of ten years, and we reduced the sentence of imprisonment in the penitentiary "to not less than five years nor more than ten years, *to begin and take effect at the expiration of sentences to Nos. 56 and 57 November Term, 1923.*" We did not remand him for re-sentence, nor was he re-sentenced by the court below. We corrected and reduced it ourselves. See *Halderman's Petition*, 276 Pa. 1, 4, 5, 119 A. 735.

By some oversight the clerk of the court below in transcribing our order made the following entry: "And now April 30th 1943 the above sentence ordered corrected by the Superior Court to read: 'And now Eo die Defendant sentenced to pay a fine of 6¼ cents to the Commonwealth, pay costs of prosecution, and undergo an imprisonment of not less than 5 years or more than 10 years in the Western Penitentiary and stand committed, *to begin and take effect at the expiration of any sentence or sentences the defendant may now be serving.*' See Superior Court order at No. 176 Miscellaneous Docket."

It will be noted that the italicized portion of the corrected sentence, as entered by the clerk of the court below, differed from the order of this court, as italicized above.

The relator relying upon the erroneous entry of the clerk contends that as he was actually serving only one sentence, No. 56 November Sessions 1923, when he was sentenced on No. 513 April Sessions 1925, the sen-

tence for his escape ran *concurrently* with No. 57 November Sessions 1923.

There is no merit in the contention.

The sentence as corrected by this court is the sentence, not the entry of the clerk of the court below, who should have used our language instead of changing it to what was, however, its practical equivalent. See *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 291, 292, 199 A. 185.

The sentence on No. 513 April Sessions 1925 for breaking and escaping the penitentiary did not begin or take effect until "the expiration of his sentences to Nos. 56 and 57 November Term 1923."

It was correctly entered on the records of the penitentiary.

We dismissed his prior petition for writ of habeas corpus as premature because, even if he were correct in his contention, that his subsequent consecutive sentences for crimes committed while on parole (No. 764 June Sessions 1934, followed by 763 June Sessions 1934) were excessive and unlawful, because they were double the maximum sentences that could be imposed for the crime of 'felonious entry', his actual release on parole could not be granted until ten years after December 28, 1943 (Act of June 22, 1931, P. L. 862, p. 863).

For that reason, we held that it was not necessary for us, so far ahead, to decide between his contention and the position taken by the district attorney, that the sentences complained of were validly imposed pursuant to the Act of April 29, 1929, P. L. 854, relating to the sentencing of certain persons convicted of second offenses.

The present petition is likewise premature for the same reason, and we will not consider similar petitions from him until his actual release on parole, under his own contention, as above set forth, will be shortly impending.

Petition denied.