Commonwealth ex rel. Little, Appellant, *v.* Keenan.

126

Argued November 17, 1950. Before Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ. (Rhodes, P. J., absent).

*Walter T. McGough,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Gilbert Helwig,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney and Owen *B. McManus,* Assistant District Attorney, for appellee.

PER CURIAM, January 12, 1951:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing relator's petition for a writ of habeas corpus and refusing the writ. The question presented is whether a convict, whose parole from the Allegheny County Workhouse has been revoked by reason of his conviction of another crime during the term thereof, may be required to serve the balance of his maximum sentence remaining as of the time the parole was granted, without credit for the time at liberty thereon, in addition to the sentence imposed for the second offense.

The facts are as follows: On June 9, 1942, after having entered a plea of guilty to a charge of larceny of automobile, relator was sentenced by the Court of Quarter Sessions of Allegheny County, No. 156, January Sessions, 1942, to a term of imprisonment of not less than one year nor more than five years in the Allegheny County Workhouse. The sentence became effective at the expiration of another sentence relator was then serving, to wit, on May 8, 1943. On May 8, 1944, relator was paroled by the Pennsylvania Board of Parole. On January 16, 1946, however, 1 year, 8 months and 8 days after the beginning of the period of parole, relator entered a plea of guilty to another charge of larceny of automobile in the Court of Quarter Sessions of Washington County, No. 92, February Sessions, 1946, and was thereupon sentenced by that court to a term of not less than two years nor more than five years in the Western State Penitentiary. At the expiration of service of the minimum term of the latter sentence, January 16, 1948, relator was paroled from the penitentiary but was thereupon returned by detainer to the Allegheny County Workhouse to serve the balance of his former sentence remaining as of the time he was paroled.

On February 21, 1950, relator filed his petition in the Court of Common Pleas of Allegheny County for a rule to show cause why a writ of habeas corpus should not be issued. An answer was filed by the District Attorney of Allegheny County and on April 14, 1950, the court below dismissed the petition and denied the writ.

Appellant contends that he is being illegally detained because the maximum sentence under which he was confined in the Allegheny County Workhouse has expired. The argument presented by his counsel in support of such contention is (1) that he should receive credit for the time he was on parole and not delinquent, in which event his maximum sentence would have expired on May 9, 1950, and (2) that while serving time in the penitentiary for the second offense, he was concurrently serving a portion of his first sentence, under which theory his maximum sentence would have expired on January 16, 1950, even without allowance for the time he was on parole and not delinquent.

If the provisions of section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305, are applicable under the present circumstances, appellant's contentions have no merit. This section specifically provides that such sentences are not to be concurrent. *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Lieberman v. Smith,* 152 Pa. Superior Ct. 1, 30 A. 2d 625. If the provisions of such section have application in the present case, it is of no moment that the sentencing judge in the Court of Quarter Sessions of Washington County made no reference as to whether or not the sentence imposed by him and the balance of the original sentence from which appellant had been paroled were to run consecutively. The manner and order of service would have been provided by law and this could not be changed by the court. *Toliver v. State Board of Parole,* 157 Pa. Superior Ct. 218, 42 A. 2d

285; *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663; *Com. v. Kumitis,* 167 Pa. Superior Ct. 184, 194, 74 A. 2d 741.

Section 10 of the Act of 1911, P. L. 1055, as amended, 61 PS §305, expressly provides that a parolee from a penitentiary shall, "in addition to the penalty imposed for such crime committed during the said period [of his parole], . . . be compelled . . . to serve . . . the remainder of the term (without commutation) which [he] . . . would have been compelled to serve but for the commutation authorizing" his parole. Our courts have consistently interpreted this to mean that where the parole of a prisoner sentenced to a state penitentiary has been revoked for the commission of another crime, he may be imprisoned for a period equal to the remainder of the maximum sentence not served when the parole was granted, without allowance for the time he was out on parole. *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179; *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812; *Com ex rel. Lerner v. Smith,* supra, 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. O'Leary v. Ashe,* 152 Pa. Superior Ct. 322, 32 A. 2d 36. Appellant's contention, so frequently advanced in cases of this type, that time spent on parole constitutes "imprisonment" so as to require such time to be credited on a prisoner's sentence when he is recommitted under the provisions of the above Act for conviction of a crime while out on parole, has been uniformly rejected. See above cited cases and *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20.

Appellant maintains, however, that section 10 of the Act of 1911, P. L. 1055, as amended, 61 PS §305, applies only to convicts released on parole from a penitentiary, and that it has no application to a convict who was released on parole, as was he, from a

county jail or workhouse. He contends that prior to the Act of August 6, 1941, P. L. 861, 61 PS §331.1 et seq., establishing the Board of Parole, and which contains no similar specific provisions such as are set forth in section 10 of the Act of 1911, P. L. 1055, as amended, 61 PS §305, the only statute governing parole from a county jail or workhouse was the Act of June 19, 1911, P. L. 1059, as amended, 61 PS §314 (repealed by the Act of August 6, 1941, P. L. 861, §35, insofar as it relates to persons over whom exclusive jurisdiction to parole was vested by such Act in the Board of Parole). He points out that the Act of June 19, 1911, P. L. 1059, as amended, 61 PS §314, also contains no provisions prescribing forfeiture of time on parole when the parolee is recommitted for violation of such parole, and argues that in the absence of such statutory provision the parolee may not be denied credit on his sentence for the time spent on parole. As previously stated, he likewise contends that in the absence of statutory provision to the contrary a workhouse parolee's service of "back parole time" is concurrent with his service of the sentence for the crime constituting the parole violation upon the failure of the court to provide that such latter sentence be served consecutively to the service of such "back parole time." In effect his position is that the sentence of a prisoner sentenced to the workhouse runs without interruption from its effective date irrespective of parole or sentence for a new offense committed while on parole.

We find that the first judicial determination of this question is contained in the case of *Com. v. Ripka,* 37 Pa. D. & C. 315. In that case the defendant was originally sentenced to the Philadelphia County Prison for a term of not less than one year nor more than five years, effective September 28, 1936. He was paroled on September 28, 1937, but on March 19, 1938, he was

convicted of robbery and assault and battery and sentenced to the same institution for a period of not less than one year nor more than four years, the Court of Quarter Sessions of Philadelphia County thereupon revoking his parole and recommitting him to the county prison for service of the balance of his original sentence. The court, in an opinion by President Judge GORDON, JR., after discussing *Com. ex rel. Meinzer v. Smith,* supra, 118 Pa. Superior Ct. 250, 180 A. 179, and *Com. ex rel. Kent v. Smith,* supra, 323 Pa. 89, 186 A. 812, said, pages 318, 319, 329 of 37 Pa. D. & C.: "These cases settle the law of Pennsylvania on this subject so far as it applies to sentences to the penitentiary, and we think that in this respect there is no difference between sentences to the penitentiary on the one hand, and to the county prison on the other. It is true that paroles from State penitentiaries and county institutions are regulated by different acts, the latter being governed by the Act of June 19, 1911, P. L. 1059, and that they do not contain the same provisions. They were passed at the same session of the legislature, however, and were approved by the Governor on the same day, and together constitute our system of parole legislation. By them parole was introduced as a part of our system of penology. The first of these acts, which regulates paroles from penitentiaries, is rather elaborate in its provisions. The second lays down no rules whatever for the regulation of paroles from the county prison. It is but one paragraph in length, and, except as subsequently amended by the Act of May 11, 1923, P. L. 204, to prescribe regulations for the hearing of petitions for parole, it merely confers upon the quarter sessions courts the power 'after due hearing, to release on parole any convict confined in the county jail, house of correction, or workhouse' of its district, and 'to recommit to jail, workhouse, or house of correction on cause shown by such probation officer that such con-

vict has violated his or her parole, and to reparole in the same manner and by the same procedure as in the case of the original parole if, in the judgment of said court, there is a reasonable probability that the convict will be benefited by again according liberty to such convict, and also to again recommit for violation of such parole.'

"There are no provisions here, such as in the act relating to penitentiaries, prescribing what shall be done upon a violation of parole by a parolee, except that he may be recommitted and reparoled in the discretion of the court. We think, therefore, that the only reasonable conclusion to be reached from this complete absence of express legislative declaration upon the subject in the second act is that the legislature considered that, by the previous act relating to the penitentiary, it had given to the word 'parole' a connotation sufficiently fixed and definite, at least as to basic principles, to render its further definition unnecessary when used in subsequent legislative enactments. In this respect we think that the acts should be interpreted similarly in order that the administration of parole may be uniform, and shall differ only in those particulars in which a legislative intent to distinguish between paroles from penitentiaries and from local county institutions is apparent or reasonably and necessarily to be inferred.

"This being so, we find no statutory authority for holding the general consequences of a parole violation to be different in the case of prisoners sentenced to the county prison from those prescribed for penitentiary prisoners, except that, in the former case the power is given to the courts to reparole after commitment for violation of parole, whereas this power has not been conferred upon the Board of Pardons, the paroling authority in the case of penitentiary prisoners . . . .

"The theory of parole is based upon the benefit to be derived by society and the prisoners from remitting the immediate service of the balance of his sentence on the condition that, during his parole period, he does not again violate the law. He is still subject to the sentence, but the obligation to serve the balance of it is merely suspended to rearise upon his misbehavior; and the value of the parole as a steadying and reformative measure would be progressively weakened, if the parolee's liability to pay the forfeit implied in the condition were permitted to be diminished by mere lapse of time."

The only appellate case involving this question which has come to our attention is *Com. ex rel. Di Boni v. Baldi,* 339 Pa. 96, 15 A. 2d 352. The per curiam opinion in this case is as follows: "For the reasons set forth by GORDON, P. J., in Com v. Ripka, 37 D. & C. 315, the petition for writ of habeas corpus is dismissed."

To determine the factual situation of such case and its applicability to the case at bar we examined the record of the *Di Boni* case as well as the briefs submitted to the Supreme Court. We find that relator filed his original petition for writ of habeas corpus in the Supreme Court, averring that he had been convicted of assault and battery with intent to steal and larceny from the person, and that he had been sentenced by the Court of Quarter Sessions of Philadelphia County to imprisonment in the Philadelphia County Prison for a term of not less than six months nor more than two years, effective as of October 26, 1937. He was released on parole at the expiration of his minimum sentence, April 26, 1938. On January 3, 1939, before the expiration of the parole period, he was convicted of attempted breaking and entering and carrying a concealed deadly weapon, and was thereupon sentenced to the same prison for a period of six months, effective as of December 24, 1938. The court thereupon issued an order direct-

ing that a detainer be lodged with the Superintendent of the Philadelphia County Prison against relator, and that he be remanded, after the expiration of the latter sentence, to the same prison "there to serve the remainder of the term (without commutation) which he would have been compelled to serve but for the commutation authorizing said parole, in accordance with the provisions of the Act of Assembly approved June 19, 1911, amended June 28, 1923." In the Supreme Court relator contended that he was entitled to credit upon his maximum sentence for the time he was on parole and not delinquent, and that therefore he was entitled to discharge on April 26, 1940. This date is two years and six months after the effective date of the first sentence. Relator did not contend that the sentences were concurrent. In his brief the relator based his argument upon the non-applicability of section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, and the failure of the Act of June 19, 1911, P. L. 1059, as amended, 61 PS §314, to make any provision authorizing the denial of credit to a prisoner paroled from a county prison for the time spent on parole when recommitted for a parole violation. He also advanced the familiar argument that time spent on parole constitutes "imprisonment."

The fact that in the present case appellant was paroled from a workhouse rather than from a county prison as in the *Ripka* and *Di Boni* cases is of no significance. Fundamentally the questions presented in the case before us are identical with those presented in the other two cases. And we think that the Supreme Court's approval of the principles enunciated in *Com. v. Ripka,* supra, 37 Pa. D. & C. 315, is binding upon us. The fact that the *Ripka* and *Di Boni* cases were decided under the Act of 1911, P. L. 1059, as amended, 61 PS §314, does not affect these cases as authority for the present case. The Act of 1941, 61 PS §331.1 et seq.,

was passed subsequently to tĥose decisions (see Act of May 28, 1937, P. L. 1019, §52 (4), 46 PS §552 (4)), and indicates an intent to create uniformity in the parole of prisoners from state and county penal institutions, transferring to the Board of Parole some of the powers which had been vested in the courts of oyer and terminer and quarter sessions.[1] See section 17 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.17. We therefore are of the opinion that the Board of Parole in the instant case may require appellant to serve the remainder of his maximum sentence not served when the parole was granted, without allowance for the time he was out on parole. Section 17 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.17, provides, inter alia, that the Board "shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided." Section 21 of the same Act, as amended, 61 PS §331.21, authorizes the Board "to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board, except convicts condemned to death or serving life imprisonment, whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby. . . . Said board shall have the power during the period for which a person shall have been sentenced to recommit one paroled for violation of the terms and conditions of

---

[1] See *Com. ex rel. Brough v. Burke*, 168 Pa. Superior Ct. 119, 78 A. 2d 25.

his parole and from time to time to reparole and recommit in the same manner and with the same procedure as in the case of an original parole or recommitment, . . ." We find no legislative intent in the Act of 1941, 61 PS §331.1 et seq., to distinguish between paroles from penitentiaries and from local county institutions in cases where the Board of Parole has jurisdiction of parole therefrom.

There is no basis for appellant's contention that his sentences ran concurrently, in view of the provisions of section 10 of the Act of 1911, P. L. 1055, as amended, 61 PS §305, and our interpretations thereof. *Com. ex rel. Cox v. Ashe*, 146 Pa. Superior Ct. 365, 22 A. 2d 606, cited by appellant, is not authority for his contention, since in that case we expressly held that the relator was not a parole violator and, therefore, section 10 of the Act of 1911, P. L. 1055, as amended, 61 PS §305, could not apply.

We might add that in those cases where the lower court in imposing sentence for an offense committed on parole incorrectly designates the order of service of such sentence with relation to service of the balance of the original sentence from which the prisoner was paroled, such as may have been the situation in the *Di Boni* case, the error is of a mere technical nature in a habeas corpus proceeding before an appellate court, and such court may amend or mould the sentence so that it conforms with the law, or it may remit the record to the court below for proper sentence. *Com. v. Downer*, 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897. And where the sentence directs confinement in an unauthorized place, an appellate court may direct resentence. *Com. ex rel. Dennis v. Ashe*, 161 Pa. Superior Ct. 540, 542, 55 A. 2d 433.

The order of the court below is affirmed.