Commonwealth ex rel. Sweeney *v.* Keenan.

Per Curiam, January 12, 1951:

Relator seeks release on habeas corpus. On February 9, 1948, relator pleaded guilty to a charge of statutory rape, and he was sentenced by the Court of Oyer and Terminer of Allegheny County at No. 47, February Sessions, 1948, to serve a term of not less than three months nor more than twenty-three months in the Allegheny County Workhouse, sentence to be effective as of January 26, 1948. After serving three months, or on

April 24, 1948, relator was paroled by a judge of the Court of Oyer and Terminer of Allegheny County.[1]

On November 30, 1948, relator pleaded guilty in the Court of Oyer and Terminer of Allegheny County to charges of robbery and receiving stolen goods, and he was sentenced at No. 120, November Sessions, 1948, to serve a term of not less than eighteen months nor more than thirty-six months in the Allegheny County Workhouse, sentence to be effective as of November 15, 1948. Relator was charged consequently with having violated his parole, and on November 30, 1948, the same judge who imposed sentence for robbery on bill No. 120, November Sessions, 1948, made the following order relative to relator's violation of parole: "And now November 30, 1948, parole is hereby revoked for cause shown and sentence imposed. Deft. is hereby recommitted to Alleg. Co. Workhouse for such portion of sentence of 3 months to 23 months as was unexpired as of April 25, 1948, on sentence of Jan. 26, 1948. This sentence of 20 months to begin and take effect at expiration of sentence imposed at 120 Nov. 1948 O. & T."

Calculated from its effective date as designated by the sentencing judge, the minimum of the sentence of eighteen to thirty-six months at No. 120, November Sessions, 1948, expired on May 14, 1950, and the maximum would expire on November 14, 1951. Relator was granted parole by the Pennsylvania Board of Parole on May 15, 1950,[2] and he was recommitted to the Allegheny County Workhouse to serve his back time of twenty months as parole violator under sentence at No. 47, February Sessions, 1948.

Relator contends that the court, upon imposing sentence on the second offense and revoking the parole

---

[1] See Act of June 19, 1911, P. L. 1059, as amended, 61 PS §314.

[2] See Act of August 6, 1941, P. L. 861, §17, as amended, 61 PS §331.17.

granted under the original sentence, was without authority to postpone service of back time for parole violation until after service of the sentence imposed for the crime committed while on parole. From this premise, he argues that the sentences were concurrent and that his service of the remaining twenty months of the original sentence expired on July 14, 1950.

Our recent decision in *Com. ex rel. Little v. Keenan,* 168 Pa. Superior Ct. 125, 78 A. 2d 27, is, in effect, authority for the rule that a parolee from such workhouse, upon being convicted of a crime committed while on parole and sentenced thereupon to the same institution from which he was paroled, must serve his back parole time before he begins service of the sentence for the latter offense. The order of service is provided by the Acts. *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663. But *Com. ex rel. Little v. Keenan,* supra, 168 Pa. Superior Ct. 125, 78 A. 2d 27, is also authority for the proposition that the sentences are not concurrent. See, also, *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Lieberman v. Smith,* 152 Pa. Superior Ct. 1, 30 A. 2d 625. And, in *Com. ex rel. DiBoni v. Baldi,* 339 Pa. 96, 15 A. 2d 352, under a factual situation similar to the one here presented, the Supreme Court denied relator's petition for a writ of habeas corpus. See, also, *Com. v. Ripka,* 37 Pa. D. & C. 315.

The most to which relator might be entitled, upon his request therefor, would be a correction of the order of service of his two sentences as designated by the court below. We may amend or mould a sentence so that it conforms with the law, or remit the record to the court below for proper sentence; and, where the sentence directs confinement in an unauthorized place, we may direct resentence. *Com. v. Downer,* 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897; *Com. ex rel. Den-*

*nis v. Ashe,* 161 Pa. Superior Ct. 540, 55 A. 2d 433. This, however, would have no effect upon relator's right to discharge, which will not mature until after January 14, 1952, or twenty months from May 14, 1950. His petition will therefore be dismissed. *Com. ex rel. O'Leary v. Ashe,* 156 Pa. Superior Ct. 235, 40 A. 2d 111; *Com. ex rel. Pyeatte v. Burke,* 158 Pa. Superior Ct. 336, 44 A. 2d 856; *Com. ex rel. Grierson v. Ashe,* 353 Pa. 1, 5, 44 A. 2d 239.

Rule to show cause is discharged, and the writ is refused.