## Commonwealth ex rel. Westwood, Appellant, *v.* Gackenbach.

Submitted September 25, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Samuel Monroe Westwood, Jr.,* petitioner, in propria persona.

*Jacob A. Raub,* District Attorney, for respondent.

PER CURIAM, November 15, 1951:
This is an appeal from the order of the Court of Common Pleas of Northampton County dismissing relator's petition for a writ of habeas corpus. Relator is presently confined in the Northampton County Prison. See Act of May 10, 1871, P. L. 706.

Upon entering pleas of guilty to a number of indictments charging burglary and larceny (Nos. 104, 113, 114, 115, 116, 117, 118, 142, 143, September Term, 1941), the relator Samuel Westwood, Jr., was sentenced to imprisonment in the Northampton County Prison for a term of not less than four years nor more than eight years, the sentences being concurrent and effective as of November 10, 1941. On December 6, 1945, he was paroled. On November 9, 1946, he was arrested and subsequently pleaded guilty to a charge of burglary (No. 149, September Term, 1946) committed while on parole. On December 9, 1946, he was sentenced upon this new charge to imprisonment in the Northampton County Prison for a term of not less than four years nor more than eight years, sentence to be computed from the date thereof, December 9, 1946.

In March, 1947, the warden of the Northampton County Prison petitioned the Department of Welfare

for the transfer of relator to the Eastern State Penitentiary. See Act of July 11, 1923, P. L. 1044, as amended by the Act of April 23, 1929, P. L. 640, 61 PS §72. The petition was granted subject to the approval and consent of the Court of Quarter Sessions of Northampton County; such approval and consent were given, and the transfer was effected.

On December 9, 1950, the Pennsylvania Board of Parole issued an order paroling relator from the sentence last imposed, the sentence of December 9, 1946. It is to be noted that the date of such order was the expiration date of the minimum term of such sentence if computed according to the directive of the sentencing court. The order of release, however, provided for relator's recommitment to the Northampton County Prison. The purpose of such recommitment was to require relator to serve the balance of his original maximum sentence remaining unserved at the time of his violation of parole by reason of his conviction of the crime committed during such parole period.

Relator takes the position that upon his recommitment to the same institution from which he had been paroled—upon his conviction of a crime committed during the parole period—he immediately began serving the unserved balance of his original sentence, and that he has served this in full. He further contends that he has been paroled from the second sentence, for the offense committed while on parole, and therefore he should be released.

We have often stated the law requires that, when a convict is sentenced for a crime committed while on parole to the same institution from which he had been released on parole, service of the remainder of the term originally imposed shall precede the commencement of the term imposed for the later offense. The Act of June 19, 1911, P. L. 1055, §10, as amended, 61 PS §305, which, we have held, has application to county prisons and

workhouses (*Com. ex rel. Little v. Keenan,* 168 Pa. Superior Ct. 125, 78 A. 2d 27) clearly so provides. We have also held that such sentences may not be concurrent (*Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Lieberman v. Smith,* 152 Pa. Superior Ct. 1, 30 A. 2d 625), and that the manner and order of service, having been provided by law, cannot be changed by the court (*Toliver v. State Board of Parole,* 157 Pa. Superior Ct. 218, 42 A. 2d 285; *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663; *Com. ex rel. Little v. Keenan,* supra, 168 Pa. Superior Ct. 125, 128, 78 A. 2d 27). The transfer of relator to the Eastern State Penitentiary subsequent to his recommitment to the Northampton County Prison pursuant to the Act of 1923, as amended, 61 PS §72, had no effect upon the application of these requirements relating to the order of service. *Com. ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 268, 82 A. 2d 252.

Consequently, the trial court erred in directing the second sentence to be effective as of the date of its imposition, December 9, 1946, and upon relator's commitment to the Northampton County Prison on such date he began service of the remainder of the original sentence remaining unserved at the time of the parole. The balance of such sentence, which was three years, eleven months and four days, was served in full on November 12, 1950. On November 13, 1950, relator began service of the second sentence (December 9, 1946) of four to eight years. The order of parole granted by the Board of Parole on December 9, 1950, was without authority under the law in that it was issued prior to the expiration of relator's minimum term of imprisonment notwithstanding the provisions of section 21 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.21. Such order was ineffectual and does not afford relator with probable cause to be de-

livered. *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 410, 35 A. 2d 340, 341.

Applying our statement in *Com. ex rel. Sweeney v. Keenan,* 168 Pa. Superior Ct. 137, 78 A. 2d 33, the most to which relator is entitled is a correction of the order of service of his sentences, and this has no effect upon his right to discharge. We hereby make such correction by directing that the sentence imposed on bill No. 149, September Term, 1946, be computed from the date of relator's completion of service of the balance of the maximum term of sentences imposed to Nos. 104, 113, 114, 115, 116, 117, 118, 142, and 143, September Term, 1941, to wit, from November 13, 1950. See *Com. v. Downer,* 161 Pa. Superior Ct. 339, 344, 53 A. 2d 897.

In other respects, the order of the court below is affirmed.