Commonwealth ex rel. Graham, Appellant, *v.* Claudy.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. C. McKim, Jr.,* with him *Thomas Graham* and *James Graham,* appellants, in propriis personiis.

*Sherman K. Levine,* District Attorney, with him *Ronald E. Jones,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., October 1, 1952:

These two appeals in habeas corpus proceedings involve identical questions, and disposition of both will be made in this opinion.

Appellants, Thomas Graham and James Graham, while on parole from the Western State Penitentiary, were arrested on September 6, 1950, and charged with the commission of two separate larcenies in Lawrence County. Bills of indictment were prepared under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241. Both appellants waived presentment to the grand jury and pleaded guilty to the bills in open court. They

admit that they were guilty of the offenses charged, and that they were familiar with the nature of the charges against them at the time they signed their guilty pleas endorsed on the bills of indictment. They also admit that they were offered counsel at the time and that they waived the right to counsel.

On September 12, 1950, the Court of Quarter Sessions of Lawrence County imposed concurrent sentences upon Thomas Graham (Nos. 181 and 182, September Sessions, 1950) to imprisonment in the Western State Penitentiary for a term of not less than three years nor more than six years "to be computed from Sept. 6, 1950," which was the date of arrest. On the same day identical concurrent sentences were imposed upon James Graham (Nos. 180 and 183, September Sessions, 1950).

On October 30, 1950, within the term, the court corrected the sentences so as to provide, as to each defendant, concurrent sentences of not less than two and one-half years nor more than five years in the Western State Penitentiary, "to be computed from Sept. 6, 1950."

On December 28, 1951, the Court of Quarter Sessions of Lawrence County directed that the sentences should be computed from the expiration of time to be served for violation of parole, and that the defendants be given credit for six days served in Lawrence County Jail.

In their separate petitions for writs of habeas corpus filed in the Court of Common Pleas of Lawrence County, appellants questioned the legality of their sentences because (1) the bills of indictment had not been signed by the district attorney, and (2) the direction of the court that the sentences be computed from the date of arrest made the service of such sentences concurrent with service of the appellants' "back parole" time.

At the hearing upon the petitions, the District Attorney of Lawrence County moved to amend the bills of indictment by attaching his signature thereto. The court allowed the amendments. At the conclusion of the hearing, the court directed the correction of the sentences so that the service thereof was to be computed from the expiration of time to be served for violation of parole and so that the defendants be given credit for six days served in Lawrence County Jail. The petitions were then dismissed.

The failure of the district attorney to sign an indictment prepared under the Act of April 15, 1907, P. L. 62, without presentation to the grand jury and the finding of a true bill, is an amendable defect.[1] The amendments were properly allowed.

Under section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, where a convict is legally sentenced for a crime committed during his parole to the penitentiary from which he had been released on parole, the unexpired portion of his original sentence must be served before he commences to serve the sentence imposed for the crime committed while on parole.[2] The sentences cannot be concurrent.[3]

---

[1] *Com. ex rel. Conrad v. Ashe*, 142 Pa. Superior Ct. 254, 15 A. 2d 926, certiorari denied 314 U. S. 611, 86 L. Ed. 492, 62 S. Ct. 77; *Com. ex rel. Banky v. Ashe*, 142 Pa. Superior Ct. 396, 16 A. 2d 668; *Com. ex rel. Slifko v. Ashe*, 144 Pa. Superior Ct. 593, 20 A. 2d 799.

[2] *Com. ex rel. McDevitt v. Burke*, 166 Pa. Superior Ct. 194, 197, 198, 70 A. 2d 663.

[3] *Com. ex rel. Lerner v. Smith*, 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Lieberman v. Smith*, 152 Pa. Superior Ct. 1, 30 A. 2d 625; *Com. ex rel. Little v. Keenan*, 168 Pa. Superior Ct. 125, 78 A. 2d 27; *Com ex rel. Sweeney v. Keenan*, 168 Pa. Superior Ct. 137, 78 A. 2d 33; *Com. ex rel. Westwood v. Gackenbach*, 169 Pa. Superior Ct. 637, 84 A. 2d 380.

It is not a question whether the Court of Quarter Sessions of Lawrence County had authority to change the sentences after the expiration of the term at which they were imposed. However, this Court could remit the record for proper sentence if the sentences were illegal or erroneous; we also have the power to amend or mould a sentence so that it conforms with the law.[4] The subsequent designation by the trial court as to the order of service of the sentences was not a change thereof after the expiration of the term at which they were imposed, but merely a reference to the manner and order of service provided by law which could not be altered by the court.[5] In stating the applicable law, no change in, or illegal alteration of, the sentences was made.

The orders are affirmed.

---

[4] Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192; *Com. v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897; *Com. ex rel. Monaghan v. Burke*, 169 Pa. Superior Ct. 256, 82 A. 2d 337, certiorari denied 342 U. S. 898, 96 L. Ed. 140, 72 S. Ct. 233; *Com. ex rel. Westwood v. Gackenbach*, 169 Pa. Superior Ct. 637, 84 A. 2d 380.

[5] *Com. ex rel. Little v. Keenan*, 168 Pa. Superior Ct. 125, 136, 78 A. 2d 27; *Com. ex rel. Sweeney v. Keenan*, 168 Pa. Superior Ct. 137, 139, 78 A. 2d 33; *Com. ex rel. Harman v. Burke*, 171 Pa. Superior Ct. 547, 91 A. 2d 385.