## Commonwealth ex rel. Nerwinski v. Cavell

*F. Emmett Fitzpatrick,* for Commonwealth.

BOK, P. J., December 17, 1957.—Relater was sentenced, effective December 20, 1950, to three and a half to seven years for armed robbery. He was released on parole on September 10, 1954, but was arrested in New Jersey on February 10, 1956, for being in possession of a weapon and served nine months. He was then returned to Pennsylvania on October 1, 1956, as a parole violator and required to serve his whole period of probation in prison without credit for his "street time" before committing his crime in New Jersey. His term will expire on November 11, 1959.

He asks for a writ of habeas corpus on the ground that he should retain his "street time" and that requiring him to serve it over again in prison violates his constitutional rights.

There is no merit in this argument. The law and the cases are clearly set forth to the contrary in Commonwealth ex rel. Carmelo v. Burke, 168 Pa. Superior Ct. 109 (1951) ; Commonwealth ex rel. Graham v. Claudy, 171 Pa. Superior Ct. 562 (1952). Street time is not im-

prisonment, and if he violates his parole by breaking the law he can expect to be legally required to forfeit the time he spent in conditional freedom.

There is no need for a hearing, since there are no factual issues to determine. The case can therefore be disposed of on petition and answer: Commonwealth ex rel. Shultz v. Meyers, 182 Pa. Superior Ct. 431 (1956).

The petition is denied.