Commonwealth ex rel. Jefferson, Appellant, *v.*
Pennsylvania Board of Parole.

Submitted May 23, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Robert Jefferson,* appellant, in propria persona.

*Frank P. Lawley, Jr.,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, June 29, 1960:

The appellant instituted an action in mandamus in Dauphin County against the Board of Parole of the Commonwealth of Pennsylvania. The defendants filed a demurrer to the complaint which the lower court sus-

tained. From the dismissal of the action, this appeal was prosecuted.

The facts are as follows:

On January 10, 1945, the appellant after conviction by plea to the crime of "Indecent Exposure and Open Lewdness" (Bill No. 107 Jan. Term, 1945) in the Court of Quarter Sessions of Philadelphia County was sentenced to imprisonment for one year in the Philadelphia House of Correction.

On March 1, 1945, after conviction of the crimes of burglary and receiving stolen goods (Bill No. 498 July Term, 1944) in the Court of Oyer and Terminer of Philadelphia County, appellant was sentenced to a term of six months to ten years in the Eastern State Penitentiary, to begin upon the expiration of the sentence imposed on Bill 107, referred to above.

On March 19, 1945, appellant escaped from the House of Correction and travelled to the State of Michigan wherein he was convicted of crime and sentenced to prison. Upon his release, he was returned to Pennsylvania on or about July 15, 1948, and committed to the Eastern State Penitentiary to begin the sentence imposed on Bill No. 498, as related above. He was not prosecuted for prison break.

On March 1, 1949, he was released on parole.

On March 28, 1951, he was recommitted to the Pennsylvania Eastern State Penitentiary for violation of parole, after arrest, conviction and imprisonment in the State of Ohio.

On September 28, 1952, he was reparoled.

On March 25, 1953, he was arrested and convicted in Columbus, Ohio, of the crimes of housebreaking and grand larceny and received a sentence in that jurisdiction of a term in prison of from one to five years.

On June 27, 1957, he was returned to Pennsylvania and recommitted to the Eastern State Penitentiary as

a convicted parole violator. The Parole Board determined that the period of time from the date of reparole (September 28, 1952) to recommitment (June 27, 1957), or four years, nine months and one day, should be added to his maximum sentence imposed on Bill No. 498, supra, so that said maximum sentence now expires April 16, 1963. This computation is in accordance with the law (*Commonwealth ex rel. Little v. Keenan,* 168 Pa. Superior Ct. 125, 78 A. 2d 27 (1951)), and its legal correctness is not challenged herein. Recently, the superintendent of the House of Correction filed a detainer against the defendant, suggesting that he owed nine months and fifteen days on the sentence imposed on January 10, 1945, on Bill No. 107.

Appellant's basic contention is that he is being compelled to serve his sentences out of the chronological order imposed by the court. He maintains that he served in the House of Correction in Philadelphia a period of approximately three and one-half months of the one year sentence imposed for his conviction of indecent exposure and open lewdness and that it was legally imperative that complete execution of this sentence be effected before he could lawfully be imprisoned to begin serving in the penitentiary the sentence imposed on Bill No. 498. In effect, he submits that his confinement in Pennsylvania's penal institutions since July 15, 1948, has been illegal and void ab initio. Applicable statutory authority on the precise issues presented is lacking.

Technically, appellant is correct in his argument that he is serving the sentences imposed, as outlined above, out of the chronological order. On July 15, 1948, upon his return to Pennsylvania from the State of Michigan, he should have been confined in the House of Correction in Philadelphia to resume and complete the sentence imposed under Bill No. 107. Why this

procedure was not followed does not appear. However, under the facts stated, this action may not be sustained.

There is no resulting harm to appellant. He will not be compelled to serve any additional time or suffer confinement in institutions not specified. His total imprisonment will be in accordance with the sentences legally imposed and in the institutions stipulated therein. His own derelictions actuated the unusual events incident to his confinement. The legal question, now raised, was not voiced for more than eleven years after the error first occurred. At this late date, the complaint is not well taken.

The action involved might well have been dismissed for technical reasons. It is not sought herein to compel the Board of Parole to correct its records or an erroneous computation of time to be served as contemplated in *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 149 A. 2d 501 (1959). Rather is this in effect an action seeking the vacation of a sentence legally imposed by a court of competent jurisdiction, which relief the defendants do not have the legal power to grant. However, we have determined the merits of the issue in order to bring the matter to a final conclusion.

Judgment affirmed.