## Commonwealth ex rel. Cooper, Appellant, *v.* Banmiller.

Submitted September 16, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Corbet Cooper,* appellant, in propria persona.

*Samuel J. Halpren,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1960:

On December 28, 1959, in the Court of Common Pleas of Chester County, Corbet Cooper presented a petition for writ of habeas corpus. Judge LICHTENFELD ordered a hearing on January 27, 1960, and directed that the petitioner be produced to testify. On January 23, 1960, the Superintendent of the Eastern State Penitentiary filed an answer. Following the hearing and the filing of the notes of testimony, an order was entered on February 1, 1960 dismissing the petition. Cooper has appealed.

The record discloses that, on September 13, 1937, appellant was sentenced in Chester County on Bills Nos. 144 and 145 August Term 1937, charging robbery, to serve a term of ten to twenty years in the Eastern

State Penitentiary. He was paroled on September 13, 1947, at the expiration of his minimum sentence. While on parole, appellant was involved in a robbery in Delaware County and, in February 1949, was sentenced on Bill No. 391 March Term 1949, to serve a term of two to four years in the Delaware County prison. Appellant escaped from this institution on December 2, 1950, and was thereafter apprehended and returned. On January 4, 1951, he was sentenced in Delaware County on Bill No. 69 March Term 1951, charging prison breach, to serve a term of two to four years in the Eastern State Penitentiary, effective December 11, 1950, the date of his return to the Delaware County prison. At the same time he was sentenced to serve the balance of the sentence owing on Bill No. 391 March Term 1949, the place of confinement to be the Eastern State Penitentiary, and the sentence to be served at the expiration of the sentence on Bill No. 69 March Term 1951. On April 2, 1951, appellant was sentenced in Montgomery County on Bill No. 138 November Term 1950, charging robbery, to serve a term of five to ten years in the Eastern State Penitentiary, effective at the expiration of the Delaware County sentences. This offense was committed during the period between appellant's escape from the Delaware County prison and his apprehension.

On December 10, 1953, appellant was granted a parole on Bill No. 69 March Term 1951, and began serving the balance of the sentence owing on Bill No. 391 March Term 1949. On March 19, 1954, he was paroled on that sentence, and began serving the sentence imposed on Bill No. 138 November Term 1950. On March 19, 1959, he was paroled on that sentence and began serving the unexpired portion of the sentence on Bills Nos. 144 and 145 August Term 1937. At the present time he is being required to serve the back time on this sentence.

The question involved on this appeal is stated by appellant as follows: "Where a parolee is returned to the penitentiary as a convicted violator, can he legally be made to serve the latter sentence while the parole time is held in abeyance?" He contends that the parole time owing on the 1937 Chester County sentence should have begun on the date of his return to the penitentiary, and not after he was required to serve the several subsequent sentences. At the hearing in the court below, appellant stated that the purpose for which he filed the petition for habeas corpus was to correct the order in which he should have served his sentences, and took the position that, if the order of service which he believed to be correct would have been followed, he would still have the Montgomery County sentence to serve.[1] However, he now asserts that, since the proper order of service was not followed, "there can no longer be any authority of law by which the respondent (Warden) can restrain appellant from his legal and rightful freedom".

Section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 P.S. 305, reads as follows: "If any convict released on parole . . . shall, during the period of his or her parole . . . commit any crime punishable by

---

[1] "Q. Then you are not complaining about the amount of time you served, but you are simply saying that the sentences were not put in their proper order? A. That is right . . . Q. You do not now contend that you should be set at liberty if your contention is correct, that you should have served the Chester County sentence out before the Montgomery time? You admit had that been true the Montgomery County time would still have to be served? A. Yes, that is true . . . Q. Is it your idea that the purpose of bringing this habeas corpus proceeding is to get the Court to correct the sentences so that you should serve them in proper order rather than in the order as was done in this case? A. Yes. Q. That is your sole purpose here, to correct the record; is that right? A. Yes".

imprisonment for which he or she is at any time thereafter convicted in any court of record and . . . sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime". Subsection (a) of Section 21.1 added to the Act of August 6, 1941, P. L. 861, by the Act of August 24, 1951, P. L. 1401, as amended, 61 P.S. 331.21(a), reads as follows: "Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty on nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby . . . If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the Commencement of the new term imposed in the following cases: (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution".

By virtue of the foregoing statutory provisions, a convicted parolee, upon recommitment to the institution from which he was paroled, shall be required to first serve the balance of his original sentence, subject to possible further parole, before commencing service of the new sentence or sentences: *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Commonwealth ex rel. Brawner v. Day,* 181 Pa. Superior Ct. 568, 124 A. 2d 410. This is so even though the sentencing judge states that the second sentence is to begin on a specific date and this date commences before the expiration of the original term: *Commonwealth ex rel. Gallagher v. Martin,* 183 Pa. Superior Ct. 540, 132 A. 2d 706. Neither the court nor the prison authorities may alter the clear mandate from the legislature: *Commonwealth ex rel. Dion v. Martin,* 183 Pa. Superior Ct. 310, 131 A. 2d 150. And see *Commonwealth ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501.

In the instant case, it is apparent that appellant was improperly required to serve the sentences imposed by the Delaware and Montgomery County courts prior to service of the remaining back time on the Chester County sentence. However, this does not operate to effect appellant's release. A clerical error in the commitment or penitentiary records does not invalidate the sentence of a defendant who has not been prejudiced, nor does it entitle him to a release: *Commonwealth ex rel. Tobin v. Cavell,* 183 Pa. Superior Ct. 365, 132 A. 2d 362. A writ of habeas corpus may not be invoked where the relator is legally confined in prison and admittedly is not eligible for discharge for a substantial period of time: *Commonwealth ex rel. Lieberman v. Burke,* 158 Pa. Superior Ct. 207, 44 A. 2d 597. So long as the sentence imposed is a legal one and the petitioner is legally detained, he is not entitled to the

writ: *Commonwealth ex rel. Schenck v. Banmiller,* 190 Pa. Superior Ct. 467, 154 A. 2d 320; *Commonwealth ex rel. Butler v. Banmiller,* 190 Pa. Superior Ct. 474, 154 A. 2d 330. A similar situation was before us in *Commonwealth ex rel. Westwood v. Gackenbach,* 169 Pa. Superior Ct. 637, 84 A. 2d 380, and the following statement from our opinion in that case is particularly appropriate:

"Relator takes the position that upon his recommitment to the same institution from which he had been paroled—upon his conviction of a crime committed during the parole period—he immediately began serving the unserved balance of his original sentence, and that he has served this in full. He further contends that he has been paroled from the second sentence, for the offense committed while on parole, and therefore he should be released.

"We have often stated the law requires that, when a convict is sentenced for a crime committed while on parole to the same institution from which he had been released on parole, service of the remainder of the term originally imposed shall precede the commencement of the term imposed for the later offense . . .

"Consequently, the trial court erred in directing the second sentence to be effective as of the date of its imposition, December 9, 1946, and upon relator's commitment to the Northampton County Prison on such date he began service of the remainder of the original sentence remaining unserved at the time of the parole . . . The order of parole granted by the Board of Parole on December 9, 1950, was without authority under the law in that it was issued prior to the expiration of relator's minimum term of imprisonment . . . Such order was ineffectual and does not afford relator with probable cause to be delivered".

The difficulty in the instant case stems from the direction in the sentence for prison breach that the same be computed from December 11, 1950. Where the legality of a sentence is questioned, habeas corpus is available as a proper procedure for correcting the error: *Commonwealth ex rel. Madden v. Ashe,* 162 Pa. Superior Ct. 39, 56 A. 2d 335. The Superior Court has the power to amend a sentence so that it conforms with the law: *Commonwealth ex rel. Spanos v. Keenan,* 176 Pa. Superior Ct. 245, 107 A. 2d 593. And see *Commonwealth ex rel. Sweeney v. Keenan,* 168 Pa. Superior Ct. 137, 78 A. 2d 33. The most to which this appellant is entitled is a correction of the order of service of his sentence, and this has no effect upon his right to discharge: *Commonwealth ex rel. Westwood v. Gackenbach,* supra, 169 Pa. Superior Ct. 637, 84 A. 2d 380. We therefore correct the sentence on Bill No. 69 March Term 1951, by directing that it be computed from the date of appellant's completion of service of the balance of the maximum term of the sentence imposed on Bills Nos. 144 and 145 August Term 1937, subject to such parole as shall be determined by the proper authorities in compliance with the provisions of Section 21.1 of the Act of 1951.

As modified, and in other respects, the order of the court below is affirmed.